88.     Specifically, Sterling Infosystems is aware of and recklessly disregarded provisions of the FCRA barring the inclusion of adverse information (other than convictions) which is older than seven years in its reports.  This is evidenced by the fact that its report on Plaintiff indicated that his expected salary would be less than $75,000.  This number is no arbitrary cut-off, but instead triggers the FCRAs restriction on reporting adverse information older than seven years, other than convictions.  See 15 U.S.C. 1681c (b)(3).

89.     Moreover, Sterling Infosystems holds itself out as an expert on FCRA compliance.  On its website, Sterling Infosystems states that "Compliance is our expertise." See http://www.sterlinginfosystems.com/compliance.htm.  Sterling Infosystems goes on to state that it monitors "FCRA, State, EEOC Legislation and Regulations." Id.

90.     In a presentation jointly-produced by Jackson Lewis, Sterling Infosystems acknowledges many of the FCRA provisions which give rise to liability in this case, including:

- Reports can only be issued if they will be used for a permissible purpose.  Ex. 5 at 9.

- A report can be used for "employment purposes" even outside the scope of a formal employer-employee relationship.  Ex. 5 at 11.

- Adverse information other than convictions that is over seven years old must not be included in reports.  Ex. 5 at 14.

- Denial of an assignment is an adverse action within the meaning of the FCRA.  Ex. 5 at 32.

91.     In yet another page on its website, Sterling Infosystems informs consumers who were the subject of a report prepared by Sterling Infosystems that they may request a free copy of the report.  According to the site, "The Fair and Accurate Credit Transactions Act (FACT Act) was enacted in 2003 and amends the Fair Credit Reporting Act (FCRA), a federal law that regulates, in part, who is permitted to access your consumer report information and how it can be

used. The FACT Act entitles consumers to obtain one free copy of their consumer files from certain consumer reporting agencies during each 12-month period." See http://www.sterlinginfosystems.com/fact-act-disclosure.htm. The site further states that, **"If Sterling Infosystems has prepared a consumer report or investigative consumer report in your name for one or more of our clients and you would like to receive a free copy of the report(s) in your file you may contact us by toll free telephone or by mail."** Id. (emphasis in original).

92.    The Consumer Financial Protection Bureau has issued guidance and warned unnamed consumer reporting agencies about the FCRA's required streamlined process for consumers to obtain free annual report from covered consumer reporting agencies. See http://files.consumerfinance.gov/f/201211_cfpb_NSCRA_Bulletin.pdf. Sterling Infosystems is aware of this guidance and yet recklessly disregards it.

## CLASS ACTION ALLEGATIONS

93.    Plaintiff asserts his claim in Count 3 on behalf of a the "Adverse Action Class," defined as follows:

> **Adverse Action Class:** All DISH contractor technicians against whom DISH Network took adverse action by terminating or forbidding the person to perform work for DISH Network, based, in whole or in part, on information contained in a consumer report. The Adverse Action Class consists of all persons whom DISH Network took adverse action against between November 30, 2007 until the date of final judgment in this action.

94.    Plaintiff asserts his claims in Counts 1 and 2 on behalf of the "Improper Authorization Class," defined as follows:

> **Improper Authorization Class:** All DISH contractor technicians in the United States who were the subject of a consumer report that was procured (or caused to be procured) by DISH Network. The Improper Authorization Class consists of all persons, defined in the previous sentence, who were the subject of a consumer report that was procured by DISH Network between November 30, 2007 until the date of final judgment in this action.

95.    Plaintiff asserts his claim in Count 4 on behalf of a "Outdated Information Class," defined as follows:

> **Outdated Information Class:**  All persons who were the subject of a background report prepared by Sterling Infosystems whose report contains one or more adverse items of information which antedates the report by more than seven years and is something other than a record of an arrest or a conviction for a crime.  The Outdated Information Class excludes all persons were the subject of a background report prepared by Sterling Infosystems where the report was prepared to be used in connection with the employment of any individual at an annual salary which equals, or which may reasonably be expected to equal $75,000, or more. The Outdated Information Class consists of all persons, defined in the prior two sentences, who were the subject of a report issued by Sterling Infosystems between November 30, 2010 until the date of final judgment in this action.

96.    Plaintiff asserts his claim in Count 5 on behalf of a "Failure To Produce Report Class," defined as follows:

> **Failure To Produce Report Class:**  All persons who were the subject of a background report prepared by Sterling Infosystems for whom Sterling Infosystems failed to produce, upon request by such a person, the information on file, sources, and report recipients. The Failure To Produce Report Class consists of all persons, defined in the prior sentence, who were the subject of a report issued by Sterling Infosystems between November 30, 2010 until the date of final judgment in this action.

97.    <u>Numerosity</u>:   The Putative Classes are so numerous that joinder of all Class members is impracticable.  DISH Network regularly obtains and uses information in consumer reports to conduct background checks on technicians, and frequently relies on such information, in whole or in part, as a basis for adverse employment action.  In excess of one thousand DISH Network employees and prospective employees satisfy the definition of the Putative Classes. Sterling Infosystems produces thousands of reports covered by the claims in this case.

98.    <u>Typicality</u>:   Plaintiff's claims are typical of the members of the Putative Classes.  DISH Network typically uses consumer reports to conduct background checks on employees and prospective employees.  DISH Network typically does not provide copies of