consumer reports to employees or prospective employees before taking adverse action based on information contained in such reports. The FCRA violations suffered by Plaintiff are typical of those suffered by other Putative Class members, and DISH Network treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices. Sterling Infosystems typically produces reports without regard to whether arrest information, dismissed charges, and uncharged citations antedating the report by more than seven years is included. Further, Plaintiff's experience is typical of Sterling Infosystems' interaction with DISH Network, because Sterling Infosystems failed to follow the FCRA's procedures with respect to other DISH technicians.

99.  Adequacy:  Plaintiff will fairly and adequately protect the interests of the Putative Classes, and has retained counsel experienced in complex class action litigation.

100. Commonality: Common questions of law and fact exist as to all members of the Putative Classes and predominate over any questions solely affecting individual members of the Putative Classes, including but not limited to:

   a. Whether DISH Network uses consumer report information to conduct background checks on employees and prospective employees;

   b. Whether DISH Network violated the FCRA by failing to disclose or receive authorization for seeking consumer reports;

   c. Whether DISH Network violated the FCRA by procuring consumer report information based on invalid authorizations;

   d. Whether DISH Network violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action Class on the basis of information in a consumer report, without first furnishing a copy of the report to the affected persons;

   e. Whether DISH Network's violations of the FCRA were willful;

   f. Whether Sterling Infosystems includes outdated information in consumer reports, in violation of the FCRA;

    g. Whether Sterling Infosystems follows the proper certification procedures before preparing reports;

    h. Whether Sterling Infosystems properly provides free copies of reports to affected consumers;

    i. Whether Sterling Infosystems' violations of the FCRA were willful;

    j. The proper measure of statutory damages and punitive damages; and

    k. The proper form of injunctive and declaratory relief.

101. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual Class member's claim as a separate action would potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

102. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because DISH Network and Sterling Infosystems have acted or refused to act on grounds that apply generally to the Putative Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Classes as a whole.

103. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. DISH Network and Sterling Infosystems' conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Classes do not have an interest in pursuing separate actions against Defendants, as the

amount of each Class member's individual claims is small compared to the expense and burden of individual prosecution, and Plaintiff is unaware of any similar claims brought against Defendants by any members of the Putative Classes on an individual basis. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendants' practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

104.  Plaintiff intends to send notice to all members of the Putative Classes to the extent required by Rule 23. The names and addresses of the Putative Class members are available from DISH Network and Sterling Infosystems' records.

## COUNT I
### (Asserted on Behalf of Plaintiff and the Improper Authorization Class)
**Failure to Obtain Proper Authorization to Procure a Consumer Report for Employment Purposes in Violation of the FCRA**
**15 U.S.C. § 1681b(b)(2)(A)(ii)**

105.  Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

106.  DISH Network violated the FCRA by procuring consumer reports or causing such reports to be procured relating to Plaintiff and other Improper Authorization Class members without proper written authorization for it to procure such a report. See 15 U.S.C. § 1681b(b)(2)(A)(ii).

107.  The foregoing violations were willful. DISH Network acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Improper Authorization Class members under 15 U.S.C. § 1681b(b)(2)(A)(ii).

108.  Plaintiff and the Improper Authorization Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

109.  Plaintiff and the Improper Authorization Class are also entitled to punitive damages and appropriate equitable relief for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

110.  Plaintiff and the Improper Authorization Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## COUNT II
### (Asserted on Behalf of Plaintiff and the Improper Authorization Class)
### Failure to Make Proper Disclosure Prior to Procuring a Consumer Report in Violation of the FCRA
### 15 U.S.C. § 1681b(b)(2)(A)(i)

111.  Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

112.  DISH Network violated the FCRA by failing entirely to disclose to Plaintiff and similarly situated Improper Authorization Class members, in a stand-alone document consisting solely of the disclosure, that it intended to seek consumer reports on them for employment purposes. See 15 U.S.C. § 1681b(b)(2)(A)(i).

113.  The foregoing violations were willful. DISH Network knew that it was required to disclose to persons its intent to procure a consumer report or cause a consumer report to be procured, and acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Class members under 15 U.S.C. § 1681b(b)(2)(A)(i).