**JACKSON LEWIS LLP**
**William J. Anthony**
**Peter C. Moskowitz**
**Steven J. Seidenfeld**
**666 Third Avenue**
**New York, New York 10017**
**Telephone: 212-545-4000**
**Fax: 212-972-3213**
**AnthonyW@jacksonlewis.com**
**MoskowitzP@jacksonlewis.com**
**Steven.Seidenfeld@jacksonlewis.com**

***Attorneys for Defendants***
***DISH Network L.L.C And***
***DISH Network Service L.L.C.***

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SCOTT ERNST, individually and as a representative of the classes, | |
| Plaintiff, | Case No.: 12 CIV 8794(VM) |
| -against- | |
| DISH NETWORK, LLC, DISH NETWORK SERVICE, LLC, AND STERLING INFOSYSTEM, INC. | |
| Defendants. | |

## ANSWER TO CLASS COMPLAINT

Defendants DISH Network L.L.C. and DISH Network Service, L.L.C. (the "DISH Defendants"), by and through their undersigned attorneys, for their Answer to the Class Complaint ("Complaint") filed by Scott Ernst ("Ernst" or "Plaintiff"), responds and pleads affirmative defenses as follows:

### AS TO "PRELIMINARY STATEMENT"

1.     Paragraph 1 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied; to the extent a response is required, these statements are denied.

### AS TO "FCRA Violations by DISH Network"

2.     The DISH Defendants admit that they require independent contractors to obtain

background checks on their own direct employees that perform installation services, but the DISH Defendants deny that they are provided copies of such background checks or takes any "adverse employment action," as that term is used under the Fair Credit Reporting Act, based on "such information." The remaining allegations contained in Paragraph 2 are confusing and vague in light of the overall allegations contained in the Complaint and, as such, the DISH Defendants are unable to admit or deny the remaining allegation; accordingly, those remaining allegations are denied.

3.      Paragraph 3 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied; to the extent a response is required, these statements are denied.

4.      The DISH Defendants deny Paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied; to the extent a response is required, these statements are denied.

6.      Paragraph 6 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied; to the extent a response is required, these statements are denied.

7.      Paragraph 7 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied; to the extent a response is required, these statements are denied.

**AS TO "FCRA Violations by Sterling Infosystems"**

8.      The DISH Defendants admit Sterling Infosystems is a consumer reporting agency, but are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 8, as such these allegations are denied.

9.      Paragraph 9 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied.

10.      Paragraph 10 of the Complaint is a legal conclusion or opinion and as such cannot

be admitted or denied; to the extent a response is required, these statements are denied.

11.    Paragraph 11 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied; to the extent a response is required, these statements are denied.

12.    Paragraph 12 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied; to the extent a response is required, these statements are denied.

13.    Paragraph 13 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied; to the extent a response is required, these statements are denied.

14.    The DISH Defendants deny that Plaintiff is entitled to the relief stated in Paragraph 14 of the Complaint

## AS TO "THE PARTIES"

15.    The DISH Defendants admit Plaintiff is an individual, but are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 15 of the Complaint and, therefore, deny the allegations.

16.    The DISH Defendants admit Paragraph 16 of the Complaint.

17.    The DISH Defendants admit Paragraph 17 of the Complaint.

18.    The DISH Defendants admit Paragraph 18 of the Complaint.

## AS TO "JURISDICTION AND VENUE"

19.    Paragraph 19 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied; to the extent a response is required, these statements are denied.

20.    Paragraph 20 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied; to the extent a response is required, these statements are denied. Answering further, the DISH Defendants aver that this matter should be transferred to a more appropriate venue and will shortly be filing a motion to transfer.

21.     Paragraph 21 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied; to the extent a response is required, the remaining allegations in the Complaint are denied.

22.     The DISH Defendants admit that they have done business in New York City, but the remaining allegations of Paragraph 22 of the Complaint constitute legal conclusions or opinions and as such cannot be admitted or denied.

**AS TO "FACTUAL ALLEGATIONS"**

23.     The DISH Defendants admit Paragraph 23 of the Complaint.

24.     The DISH Defendants admit Paragraph 24 of the Complaint.

25.     The DISH Defendants admit that individuals who work for contractors who provide installation services to the DISH Defendants are referred to as contactor technicians, but are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 25.

**AS TO "Dish Network Causes Superior Satellite and Other Contractors to Procure Consumer Reports on Contractor Technicians"**

26.     The DISH Defendants admit Paragraph 26 of the Complaint.

27.     The DISH Defendants admit that they require independent contractors to procure background checks on contractor technicians from Sterling Infosystems ("Sterling"), but are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 27.

28.     The DISH Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 28.

29.     The DISH Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 29.

30. The DISH Defendants admit that they required independent contractors to procure background reports from Sterling to determine eligibility of contractor technicians to perform installation services for the DISH Defendants' customers.

31. The DISH Defendants admit independent contractors who failed to obtain background checks for their contractor technicians would not be eligible to continue providing installation services to DISH. The DISH Defendants deny the remaining allegations stated in Paragraph 31 of the Complaint.

**AS TO "DISH Network Causes its Contractors to Procure Consumer Reports and Receives Copies of Those Reports"**

32. The DISH Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 32.

33. The DISH Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 33.

34. The DISH Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 34.

35. The DISH Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 35.

36. The DISH Defendants admit Paragraph 36 of the Complaint.

37. The DISH Defendants admit Paragraph 37 of the Complaint.

**AS TO "DISH Network Takes Adverse Employment Action"**

38. The DISH Defendants admit Paragraph 38 of the Complaint.

39. The DISH Defendants admit Paragraph 39 of the Complaint.

40. The DISH Defendants admit Paragraph 40 of the Complaint.

41. The DISH Defendants admit Paragraph 41 of the Complaint.

42.     The DISH Defendants deny Paragraph 42 of the Complaint.

43.     The DISH Defendants deny Paragraph 43 of the Complaint.

44.     The DISH Defendants admit that they use a software program called ETA Direct but deny the remaining allegations in Paragraph 44 of the Complaint.

45.     The DISH Defendants admit Paragraph 45 of the Complaint, except the DISH Defendants deny that ETA tracks the rating assigned to technicians by Sterling and that it tracks routing information for contractor technicians.

46.     The DISH Defendants deny Paragraph 46 of the Complaint.

47.     The DISH Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 47.

48.     The DISH Defendants deny Paragraph 48 of the Complaint but admit that a contactor technician who has a "high risk" rating is not able to provide installation services for the DISH Defendants.

49.     The DISH Defendants admit that a contactor technician who has a "high risk" rating is not able to provide installation services for the DISH Defendants.   The DISH Defendants deny the remaining allegations contained in Paragraph 49.

50.     The DISH Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 50 except that the DISH Defendants admit that a contractor technician labeled as "high risk" would not be able to provide installation services for the DISH Defendants.

**AS TO "DISH Network Fails to Provide Pre-Adverse Action Notice"**

51.     The first sentence of Paragraph 51 is a legal conclusion or opinion and as such cannot be admitted or denied.   The DISH Defendants deny the second and third sentences in

Paragraph 51 of the Complaint.

**AS TO "Sterling Infosystems Refuses to Provide Plaintiff with His Report"**

52.     The DISH Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 52.

53.     The DISH Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 53.

54.     Paragraph 54 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied.

55.     The DISH Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 55.

56.     The DISH Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 56.

**AS TO "DISH Network Fails to Obtain Proper Authorization or Make Proper Disclosures Regarding the Reports"**

57.     The DISH Defendants deny Paragraph 57 of the Complaint.

58.     Paragraph 58 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied.

59.     Paragraph 59 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied.

60.     Paragraph 60 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied.

61.     The DISH Defendants deny Paragraph 61 of the Complaint.

62.     The DISH Defendants deny Paragraph 62 of the Complaint.

63.     The DISH Defendants deny Paragraph 63 of the Complaint.

### AS TO "DISH Network's Violation of the FCRA Was Willful"

64. Paragraph 64 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied.

### AS TO "DISH Network is Aware of the FCRA"

65. The DISH Defendants admit that they have a general counsel's office and outside legal counsel.

66. The DISH Defendants admit Paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied.

### AS TO " DISH Network Knew or Recklessly Disregarded the Fact that the Reports it Procured were Consumer Reports"

68. The DISH Defendants deny Paragraph 68 of the Complaint.

69. The DISH Defendants admit the allegations in Paragraph 69 to the extent that they relate to direct employees of the DISH Defendants.  With regard to Plaintiff and other contractor technicians the DISH Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 69.

70. Paragraph 70 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied; to the extent a response is required, these statements are denied.

71. Paragraph 71 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied.

### AS TO "DISH Network Knew or Recklessly Disregarded its Obligation to Obtain Authorizations and to Make Disclosures Prior to Procuring a Consumer Report"

72. The DISH Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 72.

73.     The DISH Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 73.

74.     Paragraph 74 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied; to the extent that a response is required, these allegations are denied.

75.     The DISH Defendants admit the allegations in Paragraph 75 to the extent that they relate to direct employees of the DISH Defendants.  With regard to Plaintiff and other contractor technicians the DISH Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 75.

76.     The DISH Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 76.

77.     Paragraph 77 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied; to the extent a response is required, these statements are denied.

**AS TO "DISH Network Knew about and Recklessly Disregarded its Duty to Provide Pre-Adverse Action Notification and a Copy of the Report Relied Upon"**

78.     The DISH Defendants admit the allegations in Paragraph 78 to the extent that they relate to direct employees of the DISH Defendants.  With regard to Plaintiff and other contractor technicians the DISH Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 78.

79.     Paragraph 79 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied; to the extent a response is required, these statements are denied.  Further, the DISH Defendants deny that they had a policy of providing its contractors with pre-adverse action notice letters.

80.     Paragraph 80 of the Complaint is a legal conclusion or opinion and as such cannot

be admitted or denied; to the extent a response is required, these statements are denied.

81.    Paragraph 81 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied; to the extent a response is required, these statements are denied.

82.    The DISH Defendants admit that they have been represented by the law firm Jackson Lewis in the past.

83.    The DISH Defendants admit that Paragraph 83 of the Complaint refers to a presentation from Jackson Lewis and Sterling.   The DISH Defendants deny the remaining allegations in Paragraph 83.

84.    The DISH Defendants admit that Paragraph 84 of the Complaint refers to a presentation from Jackson Lewis and Sterling.   The DISH Defendants deny the remaining allegations in Paragraph 84.

85.    Paragraph 85 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied; to the extent a response is required, the DISH Defendants admit that they are engaged in litigation with the FTC; the remaining allegations of Paragraph 85 are denied.

86.    Paragraph 86 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied; to the extent a response is required, these statements are denied.

**AS TO "Sterling Infosystems' Violations of the FCRA Were Willful"**

87.    Paragraph 87 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied; to the extent a response is required, The DISH Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 87.

88.    Paragraph 88 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied; to the extent a response is required, The DISH Defendants are without

knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 88.

89.     The DISH Defendants admit that Sterling's website states that "Compliance is our expertise.  The remaining allegations contained in Paragraph 89 of the Complaint are denied.

90.     The DISH Defendants admit that Paragraph 90 of the Complaint refers to a presentation from Jackson Lewis and Sterling.

91.     The DISH Defendants admit that this information is contained on Sterling's website states that "Compliance is our expertise.

92.     Paragraph 92 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied.

## AS TO "CLASS ACTION ALLEGATIONS"

93.     The allegation contained in Paragraph 93 is a description of the putative class and is not a factual allegation that can be admitted or denied.  The DISH Defendants deny that the class described would constitute a class that can or should be certified.

94.     The allegation contained in Paragraph 94 is a description of the putative class and is not a factual allegation that can be admitted or denied.  The DISH Defendants deny that the class described would constitute a class that can or should be certified.

95.     The allegation contained in Paragraph 95 is a description of the putative class and is not a factual allegation that can be admitted or denied.  The DISH Defendants deny that the class described would constitute a class that can or should be certified.

96.     The allegation contained in Paragraph 96 is a description of the putative class and is not a factual allegation that can be admitted or denied.  The DISH Defendants deny that the class described would constitute a class that can or should be certified.

97.     The DISH Defendants deny that as alleged, the numerosity requirement of Rule 23 would be met by this putative class and otherwise deny the factual allegations contained in Paragraph 97 of the Complaint.

98.     The DISH Defendants deny Paragraph 98 of the Complaint.

99.     The DISH Defendants deny Paragraph 99 of the Complaint.

100.    The DISH Defendants deny Paragraphs 100a-100k of the Complaint.

101.    Paragraph 101 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied; to the extent a response is required, these statements are denied.

102.    Paragraph 102 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied; to the extent a response is required, these statements are denied.

103.    Paragraph 103 of the Complaint is a legal conclusion or opinion and as such cannot be admitted or denied; to the extent a response is required, these statements are denied.

104.    The DISH Defendants deny the names and addresses of the Putative Class members are available from their records.   As to the remaining allegations contained in Paragraph 104 of the Complaint, the DISH Defendants are without information to admit or deny those allegations.

## AS TO "COUNT I"

105.    The DISH Defendants incorporate by reference their responses to the preceding paragraphs as if fully stated herein.

106.    The DISH Defendants deny Paragraph 106 of the Complaint.

107.    The DISH Defendants deny Paragraph 107 of the Complaint.

108.    The DISH Defendants deny Paragraph 108 of the Complaint.

109.    The DISH Defendants deny Paragraph 109 of the Complaint.

110.    The DISH Defendants deny Paragraph 110 of the Complaint.

## AS TO "COUNT II"

111.    The DISH Defendants incorporate by reference their responses to the preceding paragraphs as if fully stated herein.

112.    The DISH Defendants deny Paragraph 112 of the Complaint.

113.    The DISH Defendants deny Paragraph 113 of the Complaint.

114.    The DISH Defendants deny Paragraph 114 of the Complaint.

115.    The DISH Defendants deny Paragraph 115 of the Complaint.

116.    The DISH Defendants deny Paragraph 116 of the Complaint.

## AS TO "COUNT III"

117.    The DISH Defendants incorporate by reference their responses to the preceding paragraphs as if fully stated herein.

118.    The DISH Defendants admit Paragraph 118 of the Complaint.

119.    The DISH Defendants deny Paragraph 119 of the Complaint.

120.    The DISH Defendants deny Paragraph 120 of the Complaint.

121.    The DISH Defendants deny Paragraph 121 of the Complaint.

122.    The DISH Defendants deny Paragraph 122 of the Complaint.

123.    The DISH Defendants deny Paragraph 123 of the Complaint.

124.    The DISH Defendants deny Paragraph 124 of the Complaint.

125.    The DISH Defendants deny Paragraph 125 of the Complaint.

## AS TO "COUNT IV"

126.    The DISH Defendants incorporate by reference their responses to the preceding paragraphs as if fully stated herein.

127.    The DISH Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 127.

128.    The DISH Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 128.

129.    The DISH Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 129.

130.    The DISH Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 130.

131.    The DISH Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 131.

## AS TO "COUNT V"

132.    The DISH Defendants incorporate by reference their responses to the preceding paragraphs as if fully stated herein.

133.    The DISH Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 133.

134.    The DISH Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 134.

135.    The DISH Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 135.

136.    The DISH Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 136.

137.    The DISH Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 137.

<u>**AS TO "PRAYER FOR RELIEF"**</u>

The DISH Defendants deny that Plaintiff is entitled to the relief requested in his  Prayer for Relief clause, that Plaintiff has been damaged in any amount and/or in the amounts set forth in this Wherefore clause or any of its subparts; or that the remedies identified in Plaintiff's Wherefore clause are available as a matter of law.

142.    The DISH Defendants object to Plaintiff's request for a trial by jury.

<u>**AFFIRMATIVE DEFENSES**</u>

143.    The DISH Defendants deny any and all allegations of the Complaint not expressly admitted herein.

144.    The Complaint fails to state a claim upon which relief may be granted.

145.    Some or all of the claims stated in the Complaint, including claims made on behalf of the putative class, are barred by the applicable statute of limitations.

146.    The DISH Defendants at all times relevant to Plaintiff's Complaint acted in compliance with the FCRA, and are entitled to every defense afforded to it by that statute.

147.    The DISH Defendants acted in good faith and without malice or intent to injure Plaintiff.

148.    The DISH Defendants did not willfully violate the Fair Credit Reporting Act ("FCRA") or any other legal requirement.

149.    The DISH Defendants did not negligently violate the FCRA or any other legal requirement.

150.    To the extent that a violation of the FCRA is established, any such violation was not willful and occurred despite the maintenance of reasonable policies and procedures to avoid such violation.

151.   Any violation of the FCRA, which is expressly denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

152.   The DISH Defendants did not employ Plaintiff or any member of the punitive class.

153.   Plaintiff's claims, and the claims made on behalf of the putative class, are barred, in whole or in part, to the extent Plaintiff failed to mitigate his damages.

154.   Plaintiff's claims, and the claims made on behalf of the putative class, are barred, in whole or in part, to the extent that neither Plaintiff nor any member of the putative class has suffered any actual damages.

155.   Plaintiff's claims, and the claims made on behalf of the putative class, are barred, in whole or in part, to the extent Plaintiff's damages, if any, were caused by his own acts or omissions, or other acts or omissions by third parties other than the DISH Defendants.

156.   Plaintiff's claims, and the claims made on behalf of the putative class, for punitive damages, may be unconstitutional to the extent they fail to comport with the Due Process clause under the Constitution of the United State of America.

157.   The Complaint fails to adequately define any class of persons who could properly prosecute this action as a class action; fails to allege any claim that could be prosecuted as a class action; and otherwise fails to satisfy the requirements of Fed. R. Civ. P. 23.

158.   This action should not be maintained as a class action because individual questions predominate over common questions of law and fact, and a class action is not superior to other available methods for the fair and efficient adjudication of the matter.

159.   The DISH Defendants will rely upon all other defenses that are revealed by

further investigation, discovery or the presentation of evidence and reserve the right to file an amended answer or other appropriate pleading as permitted by this Court.

160.    The DISH Defendants reserve the right to amend this Answer to assert any additional defenses, counterclaims, or limitations on damages upon completion of discovery.


Dated: February 4, 2013

JACKSON LEWIS LLP
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

By: s/William J. Anthony
        William J. Anthony
        Peter C. Moskowitz
        Steven J. Seidenfeld

ATTORNEYS FOR DEFENDANTS DISH NETWORK L.L.C. AND DISH NETWORK SERVICE L.L.C.

4816-9482-1138, v. 3