UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCOTT ERNST, individually and as a
representative of the classes,

Plaintiff,

v.

DISH NETWORK, LLC, DISH NETWORK
SERVICE, LLC, and STERLING
INFOSYSTEMS, INC.,

Defendants.

Case No.:  12 Civ. 8794 (VM)

## ANSWER OF DEFENDANT STERLING INFOSYSTEMS, INC.

Defendant Sterling Infosystems, Inc. ("Sterling"), by and through its undersigned

counsel, Jackson Lewis LLP, hereby files its Answer and Defenses to the Class Action

Complaint ("Complaint") filed by Plaintiff Scott Ernst ("Plaintiff"), and states as follows:

### AS TO PRELIMINARY STATEMENT

1.    The allegations in the second sentence of Paragraph 1 of Plaintiff's

Complaint constitute a legal conclusion to which no response is required.  Sterling denies each of

the remaining allegations in Paragraph 1 of Plaintiff's Complaint.

2.    Sterling admits, on information and belief, that DISH Network requires

some or all of its third-party contractors to conduct criminal background checks on persons who

provide installation services to DISH Network.  Sterling lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 2 of

Plaintiff's Complaint.

3.     The allegations of Paragraph 3 of Plaintiff's Complaint constitute a legal conclusion to which no response is required.

4.     Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 of Plaintiff's Complaint.

5.     Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 of Plaintiff's Complaint.

6.     Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6 of Plaintiff's Complaint.

7.     Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 of Plaintiff's Complaint.

8.     Sterling admits the allegations  in Paragraph 8 of Plaintiff's Complaint.

9.     The allegations of Paragraph 9 of Plaintiff's Complaint constitute a legal conclusion to which no response is required.

10.    Sterling denies each and every allegation  in Paragraph 10 of Plaintiff's Complaint.

11.    Sterling denies each and every allegation  in Paragraph 11 of Plaintiff's Complaint.

12.    Sterling denies each and every allegation  in Paragraph 12 of Plaintiff's Complaint.

13.    Sterling admits that Plaintiff purports to assert FCRA claims against DISH Network and Sterling on behalf of himself and purported putative classes, but denies that either

Plaintiff or the putative classes are entitled to any relief against Sterling.  Sterling denies the remaining allegations in Paragraph 13 of Plaintiff's Complaint.

14.   Sterling admits that Plaintiff claims to seek statutory damages, punitive damages, costs and attorneys' fees, equitable relief and other relief pursuant to the FCRA, but denies that either Plaintiff or the putative classes are entitled to any relief against Sterling. Sterling the remaining allegations in Paragraph 14 of Plaintiff's Complaint.

## AS TO THE PARTIES

15.   Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations the first sentence of Paragraph 15 of Plaintiff's Complaint, and denies the allegations of the second sentence of that paragraph.

16.   Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 of Plaintiff's Complaint.

17.   Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 of Plaintiff's Complaint.

18.   Sterling admits the allegations in Paragraph 18 of Plaintiff's Complaint.

## AS TO JURISDICTION AND VENUE

19.   Sterling admits that this Court has federal question jurisdiction over Plaintiff's FCRA claims.  Sterling denies the remaining allegations in Paragraph 19 of Plaintiff's Complaint.

20.   Sterling admits that venue is proper in this Court.

21.   Sterling admits the allegations in Paragraph 21 of Plaintiff's Complaint.

22.     Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 of Plaintiff's Complaint.

## AS TO FACTUAL ALLEGATIONS

23.     Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 of Plaintiff's Complaint.

24.     Sterling admits that Superior Satellite is one of many companies who contract with DISH Network to perform installation and service work on DISH Network's products, and that these companies are sometimes referred to as "DISH Network contractors" or "contractors." Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 24 of Plaintiff's Complaint.

25.     Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 of Plaintiff's Complaint.

**AS TO "DISH Network Causes Superior Satellite and Other Contractors to Procure Consumer Reports on Contractor Technicians"**

26.     Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 of Plaintiff's Complaint.

27.     Sterling admits that DISH Network required its contractors to procure some or all of their background checks from Sterling and that Sterling represents itself as the world's largest company focused entirely on background checks. Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 27 of Plaintiff's Complaint.

28.   Sterling denies each and every allegation in Paragraph 28 of Plaintiff's Complaint.

29.   Sterling admits the allegations in Paragraph 29 of Plaintiff's Complaint.

30.   Sterling admits that DISH Network required some or all of its contractors to procure background check reports from Sterling.   Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 30 of Plaintiff's Complaint.

31.   Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 of Plaintiff's Complaint.

**AS TO "DISH Network Causes its Contractors to Procure Consumer Reports and Receives Copies of Those Reports"**

32.   Sterling admits that on or about November 28, 2011, Superior Satellite requested a background check on Plaintiff from Sterling, and admits on information and belief that this request was pursuant to DISH Network's requirements.

33.   Sterling admits the allegations in Paragraph 33 of Plaintiff's Complaint.

34.   Sterling denies that the report contained any statement regarding the statute or statutes of limitation applicable to the arrests or charges reflected in the report.   Sterling refers the Court to the report that Plaintiff attempts to summarize in Paragraph 34 of Plaintiff's Complaint for a full and complete statement of its contents.

35.   Sterling denies that the report contained any statement regarding the statute or statutes of limitation applicable to the charges reflected in the report.   Sterling refers

the Court to the report that Plaintiff attempts to summarize in Paragraph 35 of Plaintiff's Complaint for a full and complete statement of its contents.

36.    Sterling admits the allegations in Paragraph 36 of Plaintiff's Complaint, except that the date was November 30, 2011.

37.    Sterling admits the allegations in Paragraph 37 of Plaintiff's Complaint.

**AS TO "DISH Network Takes Adverse Employment Actions"**

38.    Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 of Plaintiff's Complaint.

39.    Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39 of Plaintiff's Complaint.

40.    Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40 of Plaintiff's Complaint.

41.    Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 of Plaintiff's Complaint.

42.    Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42 of Plaintiff's Complaint.

43.    Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 of Plaintiff's Complaint.

44.    Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 of Plaintiff's Complaint.

45.    Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45 of Plaintiff's Complaint.

46.   Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46 of Plaintiff's Complaint.

47.   Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47 of Plaintiff's Complaint.

48.   Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48 of Plaintiff's Complaint.

49.   Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49 of Plaintiff's Complaint.

50.   Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50 of Plaintiff's Complaint.

**AS TO "DISH Network Fails to Provide Pre-Adverse Action Notice"**

51.   The first sentence of Paragraph 51 of Plaintiff's Complaint constitutes a legal conclusion to which no response is required.  Sterling admits that it did not give Plaintiff a copy of the report on which the alleged adverse action was based or the summary of consumer rights, but denies that Sterling was required by the FCRA to have done so.  Sterling denies the remaining allegations in Paragraph 51.

**AS TO "Sterling Infosystems Refuses to Provide Plaintiff with His Report."**

52.   Sterling denies each and every allegation in Paragraph 52 of Plaintiff's Complaint.

53.   Sterling admits that its website informs consumers they have a right under the FCRA to receive a copy of their file and represents that, upon request, a copy will be provided.  Sterling denies the remaining allegations in Paragraph 53 of Plaintiff's Complaint.

7

54.   Sterling neither admits nor denies the allegations in Paragraph 54 of Plaintiff's Complaint, but refers the Court to the statute cited for a true and correct statement of its contents.

55.   Sterling denies each and every allegation in Paragraph 55 of Plaintiff's Complaint.

56.   Sterling admits that Plaintiff called Sterling seeking a copy of his report and that Plaintiff never received a copy of his file from Sterling.   Sterling denies the remaining allegations in Paragraph 56 of Plaintiff's Complaint.

**AS TO "DISH Network Fails to Obtain Proper Authorization or Make Proper Disclosures Regarding the Reports"**

57.   Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57 of Plaintiff's Complaint.

58.   Sterling neither admits nor denies the allegations in Paragraph 58 of Plaintiff's Complaint, but refers the Court to the statute cited for a true and correct statement of its contents.

59.   Sterling neither admits nor denies the allegations in Paragraph 59 of Plaintiff's Complaint, but refers the Court to the statute cited for a true and correct statement of its contents.

60.   Sterling neither admits nor denies the allegations in Paragraph 60 of Plaintiff's Complaint, but refers the Court to the statute cited for a true and correct statement of its contents.

61.     Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61 of Plaintiff's Complaint.

62.     Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62 of Plaintiff's Complaint.

63.     Sterling denies each and every allegation in Paragraph 63 of Plaintiff's Complaint.

**AS TO "DISH Network's Violation of the FCRA Was Willful"**

64.     Sterling neither admits nor denies the allegations in Paragraph 64 of Plaintiff's Complaint, but refers the Court to the decision cited for a true and correct statement of its contents.

**AS TO "DISH Network Is Aware of the FCRA"**

65.     Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65 of Plaintiff's Complaint.

66.     Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66 of Plaintiff's Complaint.

67.     Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67 of Plaintiff's Complaint.

**AS TO "DISH Network Knew or Recklessly Disregarded the Fact that the Reports it Procured were Consumer Reports"**

68.     Sterling denies each and every allegation in Paragraph 68 of Plaintiff's Complaint.

69.   Sterling admits the allegations in Paragraph 69 of Plaintiff's Complaint, except for the word "First."

70.   Sterling denies each and every allegation in Paragraph 70 of Plaintiff's Complaint.

71.   Sterling neither admits nor denies the allegations in Paragraph 71 of Plaintiff's Complaint, but refers the Court to the guidance cited for a true and correct statement of its contents.

**AS TO "DISH Network Knew or Recklessly Disregarded its Obligation to Obtain Authorizations and to Make Disclosures Prior to Procuring a Consumer Report"**

72.   Sterling admits the allegations in Paragraph 72 of Plaintiff's Complaint.

73.   Sterling admits the allegations in Paragraph 73 of Plaintiff's Complaint.

74.   Sterling admits the allegations in Paragraph 74 of Plaintiff's Complaint.

75.   Sterling admits the allegations in Paragraph 75 of Plaintiff's Complaint.

76.   Sterling denies each and every allegation in Paragraph 76 of Plaintiff's Complaint.

77.   Sterling denies each and every allegation in Paragraph 77 of Plaintiff's Complaint.

**AS TO "DISH Network Knew about and Recklessly Disregarded its Duty to Provide Pre-Adverse Action Notification and a Copy of the Report Relied Upon"**

78.   Sterling admits that DISH Network certified to Sterling that it would comply with the pre-adverse action notification requirements of the FCRA in its use of consumer reports for employment purposes.   Sterling denies the remaining allegations in Paragraph 78 of Plaintiff's Complaint, including the allegation "as alleged in Paragraph 77."

79.   Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79 of Plaintiff's Complaint.

80.   Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 80 of Plaintiff's Complaint.

81.   Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 81 of Plaintiff's Complaint.

82.   Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82 of Plaintiff's Complaint.

83.   Sterling admits that Jackson Lewis, in a presentation authored jointly with Sterling, has covered the subject of a denial of an assignment as a possible adverse action under the FCRA.  Sterling denies the remaining allegations in Paragraph 83 of Plaintiff's Complaint, and refers to the presentation cited for a true and correct statement of its contents.

84.   Sterling denies each and every allegation in Paragraph 84 of Plaintiff's Complaint, and refers to the presentation cited for a true and correct statement of its contents.

85.   Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85 of Plaintiff's Complaint.

86.   Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86 of Plaintiff's Complaint.

**AS TO "Sterling Infosystems' Violations of the FCRA Were Willful"**

87.   Sterling admits that it is aware of its obligations under the FCRA.  Sterling denies the remaining allegations in Paragraph 87 of Plaintiff's Complaint.

88.   Sterling denies each and every allegation in Paragraph 88 of Plaintiff's Complaint.  Pleading further, as to the allegations in the third sentence, Sterling refers the Court to the statutory provision cited for a true and correct statement of its contents.

89.   Sterling admits the allegations in Paragraph 89 of Plaintiff's Complaint.

90.   Sterling admits that it participated in a presentation jointly produced with Jackson Lewis that covered numerous provisions of the FCRA.  Sterling denies the remaining allegations in Paragraph 90 of Plaintiff's Complaint, and refers to the presentation cited for a true and correct statement of its contents.

91.   Sterling admits the allegations in Paragraph 91 of Plaintiff's Complaint.

92.   Sterling admits that the Consumer Financial Protection Bureau has issued guidance and that Sterling is aware of this guidance.  Sterling denies the remaining allegations in Paragraph 92 of Plaintiff's Complaint, and refers the Court to the website cited for a true and correct statement of its contents.

## AS TO CLASS ACTION ALLEGATIONS

93.   Sterling denies each and every allegation in Paragraph 93 of Plaintiff's Complaint.

94.   Sterling denies each and every allegation in Paragraph 94 of Plaintiff's Complaint.

95.   Sterling denies each and every allegation in Paragraph 95 of Plaintiff's Complaint.

96.   Sterling denies each and every allegation in Paragraph 96 of Plaintiff's Complaint.

97.    Sterling denies each and every allegation in Paragraph 97 of Plaintiff's Complaint.

98.    Sterling denies each and every allegation in Paragraph 98 of Plaintiff's Complaint.

99.    Sterling denies each and every allegation in Paragraph 99 of Plaintiff's Complaint.

100.    Sterling denies each and every allegation in Paragraph 100 of Plaintiff's Complaint and every subpart thereof.

101.    Sterling denies each and every allegation in Paragraph 101 of Plaintiff's Complaint.

102.    Sterling denies each and every allegation in Paragraph 102 of Plaintiff's Complaint.

103.    Sterling denies each and every allegation in Paragraph 103 of Plaintiff's Complaint.

104.    Sterling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations the first sentence of Paragraph 15 of Plaintiff's Complaint, but denies that any putative classes may be certified in this action.  Sterling denies the remaining allegations in Paragraph 104 of Plaintiff's Complaint.

## AS TO COUNT I
**(Alleged Improper Authorization Class)**

105.    Sterling repeats and realleges each of its denials and other responses to Paragraphs 1 through 104 of Plaintiffs' Complaint, as if at length herein.

13

106. No response is required to Paragraph 106 of Plaintiff's Complaint to the extent it does not purport to state a claim as against Sterling. To the extent Paragraph 106 of Plaintiff's Complaint purports to state a claim as against Sterling, Sterling denies each and every allegation contained therein.

107. No response is required to Paragraph 107 of Plaintiff's Complaint to the extent it does not purport to state a claim as against Sterling. To the extent Paragraph 107 of Plaintiff's Complaint purports to state a claim as against Sterling, Sterling denies each and every allegation contained therein.

108. No response is required to Paragraph 108 of Plaintiff's Complaint to the extent it does not purport to state a claim as against Sterling. To the extent Paragraph 108 of Plaintiff's Complaint purports to state a claim as against Sterling, Sterling denies each and every allegation contained therein.

109. No response is required to Paragraph 109 of Plaintiff's Complaint to the extent it does not purport to state a claim as against Sterling. To the extent Paragraph 109 of Plaintiff's Complaint purports to state a claim as against Sterling, Sterling denies each and every allegation contained therein.

110. No response is required to Paragraph 110 of Plaintiff's Complaint to the extent it does not purport to state a claim as against Sterling. To the extent Paragraph 110 of Plaintiff's Complaint purports to state a claim as against Sterling, Sterling denies each and every allegation contained therein.

## AS TO COUNT II
### (Alleged Improper Authorization Class)

111. Sterling repeats and realleges each of its denials and other responses to Paragraphs 1 through 110 of Plaintiffs' Complaint, as if at length herein.

112. No response is required to Paragraph 112 of Plaintiff's Complaint to the extent it does not purport to state a claim as against Sterling. To the extent Paragraph 112 of Plaintiff's Complaint purports to state a claim as against Sterling, Sterling denies each and every allegation contained therein.

113. No response is required to Paragraph 113 of Plaintiff's Complaint to the extent it does not purport to state a claim as against Sterling. To the extent Paragraph 113 of Plaintiff's Complaint purports to state a claim as against Sterling, Sterling denies each and every allegation contained therein.

114. No response is required to Paragraph 114 of Plaintiff's Complaint to the extent it does not purport to state a claim as against Sterling. To the extent Paragraph 114 of Plaintiff's Complaint purports to state a claim as against Sterling, Sterling denies each and every allegation contained therein.

115. No response is required to Paragraph 115 of Plaintiff's Complaint to the extent it does not purport to state a claim as against Sterling. To the extent Paragraph 115 of Plaintiff's Complaint purports to state a claim as against Sterling, Sterling denies each and every allegation contained therein.

116. No response is required to Paragraph 116 of Plaintiff's Complaint to the extent it does not purport to state a claim as against Sterling. To the extent Paragraph 116 of

Plaintiff's Complaint purports to state a claim as against Sterling, Sterling denies each and every allegation contained therein.

### AS TO COUNT III
**(Alleged Adverse Action Class)**

117. Sterling repeats and realleges each of its denials and other responses to Paragraphs 1 through 116 of Plaintiffs' Complaint, as if at length herein.

118. No response is required to Paragraph 118 of Plaintiff's Complaint to the extent it does not purport to state a claim as against Sterling.  To the extent Paragraph 118 of Plaintiff's Complaint purports to state a claim as against Sterling, Sterling denies each and every allegation contained therein.

119. No response is required to Paragraph 119 of Plaintiff's Complaint to the extent it does not purport to state a claim as against Sterling.  To the extent Paragraph 119 of Plaintiff's Complaint purports to state a claim as against Sterling, Sterling denies each and every allegation contained therein.

120. No response is required to Paragraph 120 of Plaintiff's Complaint to the extent it does not purport to state a claim as against Sterling.  To the extent Paragraph 120 of Plaintiff's Complaint purports to state a claim as against Sterling, Sterling denies each and every allegation contained therein.

121. No response is required to Paragraph 121 of Plaintiff's Complaint to the extent it does not purport to state a claim as against Sterling.  To the extent Paragraph 121 of Plaintiff's Complaint purports to state a claim as against Sterling, Sterling denies each and every allegation contained therein.

122. No response is required to Paragraph 122 of Plaintiff's Complaint to the extent it does not purport to state a claim as against Sterling.  To the extent Paragraph 122 of Plaintiff's Complaint purports to state a claim as against Sterling, Sterling denies each and every allegation contained therein.

123. No response is required to Paragraph 123 of Plaintiff's Complaint to the extent it does not purport to state a claim as against Sterling.  To the extent Paragraph 123 of Plaintiff's Complaint purports to state a claim as against Sterling, Sterling denies each and every allegation contained therein.

124. No response is required to Paragraph 124 of Plaintiff's Complaint to the extent it does not purport to state a claim as against Sterling.  To the extent Paragraph 124 of Plaintiff's Complaint purports to state a claim as against Sterling, Sterling denies each and every allegation contained therein.

125. No response is required to Paragraph 125 of Plaintiff's Complaint to the extent it does not purport to state a claim as against Sterling.  To the extent Paragraph 125 of Plaintiff's Complaint purports to state a claim as against Sterling, Sterling denies each and every allegation contained therein.

### AS TO COUNT IV
### (Alleged Outdated Information Class)

126. Sterling repeats and realleges each of its denials and other responses to Paragraphs 1 through 125 of Plaintiffs' Complaint, as if at length herein.

127. Sterling denies each and every allegation in Paragraph 127 of Plaintiff's Complaint.

17

128. Sterling denies each and every allegation in Paragraph 128 of Plaintiff's Complaint.

129. Sterling denies each and every allegation in Paragraph 129 of Plaintiff's Complaint.

130. Sterling denies each and every allegation in Paragraph 130 of Plaintiff's Complaint.

131. Sterling denies each and every allegation in Paragraph 131 of Plaintiff's Complaint.

## AS TO COUNT V
### (Alleged Failure to Produce Report Class)

132. Sterling repeats and realleges each of its denials and other responses to Paragraphs 1 through 131 of Plaintiffs' Complaint, as if at length herein.

133. Sterling admits that it failed on one occasion to provide Plaintiff with a copy of his report upon his request.  Sterling denies the remaining allegations in Paragraph 133 of Plaintiff's Complaint.

134. Sterling denies each and every allegation in Paragraph 134 of Plaintiff's Complaint.

135. Sterling denies each and every allegation in Paragraph 135 of Plaintiff's Complaint.

136. Sterling denies each and every allegation in Paragraph 136 of Plaintiff's Complaint.

137. Sterling denies each and every allegation in Paragraph 137 of Plaintiff's Complaint.

## AS TO PRAYER FOR RELIEF

Sterling denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

## AS TO DEMAND FOR JURY TRIAL

142.    Sterling objects to Plaintiff's demand for a trial by jury in Paragraph 142 of Plaintiff's Complaint.

## AS AND FOR AFFIRMATIVE AND OTHER DEFENSES

143. Sterling asserts the following affirmative and other defenses without assuming any burden of production of proof that it would not otherwise have.

## AS AND FOR A FIRST DEFENSE

144.  Plaintiff fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

145. Plaintiff's claims and those of the purported class members are barred because they are without merit as a matter of both fact and law.

## AS AND FOR A THIRD DEFENSE

146. Plaintiff's claims and those of the purported class members are barred in whole or in part by operation of the doctrines of estoppel, accord and satisfaction, laches, unclean hands and/or waiver.

### AS AND FOR A FOURTH DEFENSE

147.  To the extent that the period of time alluded to in the Complaint predates the applicable limitations period under the FCRA, such claims of Plaintiff and/or the members of the purported class are time-barred.

### AS AND FOR A FIFTH DEFENSE

148.  Plaintiff's claims and those of the purported class members are barred in whole or in part because Plaintiff and/or the purported class members failed to comply fully with procedures available under the FCRA to address concerns and/or otherwise failed to take reasonable steps to avoid harm.

### AS AND FOR A SIXTH DEFENSE

149.  Sterling did not violate any provision of the FCRA.

### AS AND FOR A SEVENTH DEFENSE

150.  Sterling did not at any time willfully or negligently fail to comply with any of the requirements of the FCRA.

### AS AND FOR AN EIGHTH DEFENSE

151.  Sterling at all times maintained and followed reasonable procedures to assure the maximum possible accuracy of the information it gathered and reported concerning Plaintiff and members of the purported class in compliance with the FCRA.

### AS AND FOR A NINTH DEFENSE

152.  Sterling at all times maintained and followed strict procedures to insure that the public record information it gathered and reported concerning Plaintiff and members of the purported class was complete and up to date, in compliance with the FCRA.

## AS AND FOR A TENTH DEFENSE

153.  Plaintiff and the members of the putative class have failed to join necessary and indispensable party(ies) as defendant(s) in this lawsuit.

## AS AND FOR AN ELEVENTH DEFENSE

154.  Plaintiff's claims and the claims of the members of the purported class are barred in whole or in part because of Plaintiff's and/or the members' of the putative class contributory fault or negligence and/or the fault or negligence of third parties not named as defendants in this lawsuit.

## AS AND FOR A TWELFTH DEFENSE

155.  Plaintiff's claims and the claims of the members of the purported class are barred because Sterling is not the proximate cause of any injuries or damages suffered by Plaintiff and/or members of the purported class.

## AS AND FOR A THIRTEENTH DEFENSE

156.  Plaintiff's claims and the claims of the members' of the purported class for damages or other relief are barred because any harm allegedly suffered by Plaintiff and/or the members of the purported class was legally and proximately caused by persons, entities or circumstances entirely outside the control or supervision of Sterling, or for whom Sterling is not responsible or liable.

## AS AND FOR A FOURTEENTH DEFENSE

157.  Plaintiff and the members of the purported class are not entitled to statutory damages, punitive damages or attorneys' fees because Sterling did not at any time engage in any unlawful, negligent, willful, reckless or malicious conduct toward Plaintiff or any members of

the purported class with intent to injure Plaintiff or any member of the purported class or with knowledge or belief that injury was substantially certain to occur.

<b><u>AS AND FOR A FIFTEENTH DEFENSE</u></b>

158. Sterling acted in good faith at all times, with bona fide and justifiable reasons for believing that its conduct complied with the law, so Sterling cannot be held liable for punitive damages.

<b><u>AS AND FOR A SIXTEENTH DEFENSE</u></b>

159. Plaintiff cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and, thus, this action cannot be maintained as a class action.

<b><u>AS AND FOR A SEVENTEENTH DEFENSE</u></b>

160. This suit should not be maintained as a class action because:

a. The proposed class definitions are vague, ambiguous and overbroad;

b. Class adjudication is not superior to other methods of adjudication;

c. Common questions of law and fact do not predominate over individualized questions.

d. There are not common questions of law and fact in regards to the various purported class members;

e. Plaintiff is not a proper class representative;

f. Plaintiff may have some significant conflict of interest with the purported class members; and

g.    Plaintiff's claims are not "typical" or "common" with the claims of the purported class members.

## AS AND FOR AN EIGHTEENTH DEFENSE

161. In the event this action is certified as a class action, the claims of class members who have previously filed suit, entered into settlements with Sterling and/or its agents and/or affiliates, or otherwise settled claims or had their claims decided on the merits, are barred by the doctrines of release, accord and satisfaction, collateral estoppel and/or res judicata.

## AS AND FOR A NINETEENTH DEFENSE

162. Sterling reserves the right to modify, supplement and/or add further defenses as they become known throughout the course of discovery or otherwise.


**WHEREFORE,** Defendant Sterling Infosystems, Inc. respectfully requests that the Court:

1.    Dismiss Plaintiff's Complaint in its entirety, with prejudice;

2.    Deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

3.    Award Sterling reasonable attorneys' fees and costs incurred in defending against this action; and

4.    Grant such other and further relief as the Court deems just and proper.

Dated:   February 4, 2013
       New York, New York

Respectfully submitted,

JACKSON LEWIS LLP
666 Third Avenue
New York, New York 10017
(212) 545-4000


By: s/ Richard I. Greenberg
     Richard I. Greenberg


ATTORNEYS FOR DEFENDANT
STERLING INFOSYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on **February 4, 2013,** the foregoing document was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

s/ Richard I. Greenberg
Richard I. Greenberg, Esq.

25