

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCOTT ERNST, individually and as a representative of the classes,

    Plaintiff,

-against-

DISH NETWORK, LLC, DISH NETWORK SERVICE, LLC, AND STERLING INFOSYSTEMS, INC.

    Defendants.

Case No.: 12 CIV 8794(VM)

## STIPULATION AND PROPOSED ORDER OF CONFIDENTIALITY

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Scott Ernst, individually and as a representative of the classes, and any members of the putative classes (collectively "Plaintiffs"), and Defendants DISH Network L.L.C., DISH Network Service L.L.C, and Sterling Infosystems, Inc. ("Defendants", together with Plaintiffs "the Parties"), by and through their undersigned counsel, that:

    1. All Confidential Information produced by the Parties for purposes of the Parties' litigation of this action shall be subject to the terms and provisions set forth herein.

    2. The following terms, as used herein, shall, without limiting the generality of the meaning of those terms, be construed as follows:

        (a) The Parties to this action shall mean (i) Scott Ernst, and any other individual who is a member of plaintiff's putative classes ("Plaintiffs") and any authorized agent(s), attorney(s) or other entities or person(s) acting on their behalf; and (ii) Defendants, as well as the employees and representatives thereof, and any authorized agent(s), attorney(s) or other entities or person(s) acting

on their behalf.

(b) "Confidential Information" means information protected according to the terms of Fed. R. Civ. P. 26(c) that is produced by the Parties for the purpose of the Parties' litigation of this action and which is designated as "confidential" in writing by any Party or third party who is producing information in connection with this Action, except that Confidential Information shall not include (1) any information which was lawfully and properly in the possession of any Party as of the commencement of this lawsuit, or (2) any information which is in the public domain. Insofar as practicable, documents which a party asserts are confidential shall be emblazoned with the word "confidential" prior to their production.

3. Any Confidential Information produced in this action shall be used solely for the purpose of litigating and mediating the above-captioned matter.

4. Except as otherwise provided in this Stipulation of Confidentiality, material designated as Confidential Information may be examined only by the following persons:

(a) Defendants;

(b) Plaintiffs, to the extent any Plaintiffs are examining his or her own personnel documents. To the extent that a Plaintiff examines the personnel documents of a Plaintiff other than him or herself, he or she will sign the attached Agreement to be Bound by Stipulation of Confidentiality;

(c) The Parties' respective counsel and employees of the Parties'

2

counsel who are acting under the direction and control of such counsel and who are assisting such counsel in this action;

(d) To the extent necessary for the prosecution or defense of the instant matter, actual or proposed witnesses, independent consultants or experts retained in connection with the instant action by the Parties' counsel, and any other person(s) whom the Parties' counsel deem necessary so long as they sign the attached Agreement to be Bound by Stipulation of Confidentiality;

(e) Any individual who has already seen such document and/or who is identified on the face of the document as an author or recipient thereof;

(f) In the case of third parties who are producing information, any corporate representative of the third party;

(g) Stenographers or court reporters only to the extent necessary to prepare records of sworn testimony in the instant action;

(h) Any mediator mutually agreed to by the Parties to attempt to resolve this action; and

(i) Magistrate judges, judges, clerks or other members or employees of any court of competent jurisdiction over proceedings in or related to the instant action or any law enforcement agency.

5. Any Party serving discovery requests, deposition notices and/or a subpoena on any third-party to this Action shall serve a copy of this agreement on such third party contemporaneously with the discovery request, deposition notice and/or subpoena;

3

6.      If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with the producing party. In the event that such a dispute cannot be resolved, either party may apply to the Court for a determination as to whether the designation is appropriate. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

7.      The producing party may waive the confidentiality provisions of this Stipulation of Confidentiality as to any information designated as confidential or any portion thereof only by explicit written waiver. Such waiver shall not result in a waiver of the confidential status of any other information deemed confidential pursuant to this Stipulation of Confidentiality. Use of information acquired through independent search or investigation (other than discovery from the Parties to this action) or which is in the public domain shall not be restricted by the terms of this Stipulation of Confidentiality.

8.      If a producing party inadvertently produces or provides discovery that it believes is protected from discovery by any privilege or immunity, the Producing Party may give written notice to the Receiving Party or Parties that the material is privileged or immune from discovery, stating the grounds for such privilege or immunity, and request that the material be returned to the Producing Party. Immediately upon receiving such notice, the Receiving Party or Parties shall make no further use of the alleged privileged documents, and shall immediately segregate them in a manner that will prevent further disclosure or dissemination or their contents. Within five (5) business days of receiving such notice, the Receiving Party shall destroy or return to the Producing Party such material and all copies thereof, provided that the Receiving Party

4

may follow the procedures set forth in Fed. R. Civ. P. 26(b)(5)(B) and may thereafter move the Court for an order that the material in question is not protected from discovery by the asserted privilege or immunity, in which case the Receiving Party may keep a segregated copy of such materials to present to the Court for *in camera* review. The inadvertent disclosure of any documents or information protected by any privilege or immunity is not and will not be construed as a general waiver of any privilege or immunity.

9. The testimony of any witness deposed on oral examination shall be deemed Confidential Information for a period of thirty (30) days after the date of the deposition. The fact that a question posed at a deposition would elicit Confidential Information shall not be grounds for an objection. If counsel or any third party believes that the deposition transcript or a portion thereof constitutes Confidential Information, said party shall designate by page and line number, in writing, to all counsel within the thirty-day period those portions of the transcript constituting Confidential Information. Any portion that is not designated is deemed not to contain Confidential Information. The Stipulation of Confidentiality shall not preclude counsel for the Parties from using during any deposition in this action any documents or information that has been designated as Confidential.

10. Any party that desires relief from the provisions of this Stipulation of Confidentiality or desires further protection with respect to discovery may, if agreement cannot be negotiated, seek appropriate relief from the Court upon notice to counsel for the Parties.

11. This Stipulation of Confidentiality may be amended by the agreement of counsel for the Parties in the form of a written amendment to the Stipulation of Confidentiality.

12. This Stipulation of Confidentiality shall remain in full force and effect until modified by the Parties and so ordered by the Court.

13.     Within thirty (30) days after the conclusion of this action by final judgment not subject to appeal, all documents or other items constituting or containing Confidential Information and all copies thereof that are in the possession, custody or control of any person other than the producing party shall either be returned to the producing party or destroyed. If destroyed, an affidavit to that effect shall be delivered within thirty (30) days after the conclusion of this action to the producing party. Further, nothing in this paragraph shall require any party to destroy attorney work product or attorney-client communications that contain or reflect Confidential Information, and nothing in this paragraph shall require any party to search for and destroy any electronic mail that contains or reflects Confidential Information, including as attachments, provided that the party has taken precautions to protect the confidentiality and security of its electronic mail system. As far as the provisions of this Agreement restrict the use of Confidential Information, such Agreement shall continue to be binding after the conclusion of this Action. If a Party breaches this Paragraph after the Court enters a final judgment in this action, that Party hereby consents to the jurisdiction of the Southern District of New York to adjudicate such breach.

14.     Nothing in this Stipulation constitutes an admission or agreement that any document or information is subject to discovery or is admissible as evidence in this case or prevents any party from using any document at trial.

15.     Pending court approval of this Stipulation, the Parties agree to abide by all of its terms, as if it had been approved by the Court.

By: *[signature]*
Michelle R. Fisher Esq.
E. Michelle Drake, Esq.
Adam Hansen, Esq.

NICHOLS KASTER, PLLP
80 South Eighth Street
Minneapolis, MN 55402
*Attorneys for Plaintiff, Scott Ernst*

By: *[signature]*
William C. Anthony, Esq.
Peter C. Moskowitz, Esq.
Steven J. Seidenfeld, Esq.

JACKSON LEWIS LLP
666 Third Avenue
New York, NY 10017
*Attorneys for Defendants, DISH Network L.L.C. and DISH Network Service L.L.C.*

By: *[signature]*
Richard I. Greenberg, Esq.

JACKSON LEWIS LLP
666 Third Avenue
New York, NY 10017
*Attorneys for Defendant, Sterling Infosystems, Inc.*

Dated: ~~March~~ 5 April, 2013

Dated: ~~March~~ April 4, 2013

SO ORDERED:

*[signature]*
Honorable Víctor Marrero, U.S.D.J.

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCOTT ERNST, individually and as a representative of the classes,

                                                Plaintiff,

-against-

DISH NETWORK, LLC, DISH NETWORK SERVICE, LLC, AND STERLING INFOSYSTEM, INC.

                                                Defendants.

Case No.: 12 CIV 8794(VM)

### AGREEMENT TO BE BOUND BY STIPULATION OF CONFIDENTIALITY

I, _____, declare as follows:

1. I have read and am familiar with the terms of the Stipulation of Confidentiality ("Stipulation") in the above-captioned case governing disclosure of Confidential Information.

2. I have been instructed that the Court has ordered that any Confidential Information other than my own records shall be kept confidential and used only in the preparation of this matter for trial and any other pre-trial proceedings in this case and that I may not disclose, convey, publish, or duplicate any Confidential Information other than under the limited conditions permitted in the Stipulation.

3. I agree to abide by all the terms of the Stipulation and will not reveal or otherwise communicate to anyone any Confidential Information disclosed to me pursuant thereto except in accordance with the terms of the Stipulation. I agree not to use any Confidential Information for any purpose other than the litigation of the above-captioned matter.

4. I agree to return to producing counsel any and all documentation delivered to me under the terms of the Stipulation and all copies thereof and to destroy any notes in my possession containing any Confidential Information as required by the terms of this Stipulation.

5.  I acknowledge that the Stipulation is binding on me.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Executed this _____ day of _____, 2013, at _____.

_____
Signature

_____
Printed Name

4850-3452-9555, v. 1