```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SCOTT ERNST, individually and as representative :
of the classes,                                 :
                              Plaintiff,        :
                                                :         12 Cv. 8794 (LGS)
              -against-                         :
                                                :              ORDER
DISH NETWORK, LLC, et al.                       :
                              Defendants.       :
                                                :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/29/13

On May 17, 2013, the Court held an initial case management conference in the above-captioned matter. Based upon the conference and the submissions of the parties, it is hereby ORDERED

This litigation shall proceed in phases. During Phase I, litigation shall proceed against DISH on the Initial Questions outlined below. Litigation against Sterling shall be stayed as set forth below in order to facilitate mediated settlement discussions. If the case has not been resolved by settlement or judgment, at the conclusion of Phase I, a subsequent scheduling order shall be issued.

**I.     PLAINTIFF'S AND DISH DEFENDANTS' INITIAL QUESTIONS:**

In Phase I, Plaintiff and DISH shall focus discovery in such a manner as to allow the Court to resolve the following initially agreed-upon and potentially dispositive questions ("Initial Questions"):

1a. Did DISH Network procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to Scott Ernst, within the meaning of the FCRA?

1b. If so, did DISH Network comply with the authorization and/or disclosure requirements of the FCRA?

2a. Did DISH use a consumer report about Ernst for employment purposes within the meaning of the FCRA?

2b. If so, did DISH intend to take an adverse action based in whole or in part on the report with respect to Scott Ernst within the meaning of the FCRA?

2c. If yes as to 2a and 2b, did DISH Network comply with the requirements of the FCRA that before taking any adverse action based in whole or in part on the report, DISH provide to the consumer to whom the report relates: (i) a copy of the report; and (ii) a description in writing of the rights of the consumer?

The parties have agreed that none of the above questions shall involve an inquiry into the willfulness of the DISH Defendant's conduct within the meaning of the FCRA.

## II.     MEDIATION AGREEMENT BETWEEN PLAINTIFF AND STERLING

Plaintiff and Sterling have agreed to engage in a private mediation before the end of September, 2013. Therefore, discovery as to Plaintiff's claims asserted against Sterling shall be stayed for all purposes until **September 30, 2013**.

To the extent any party seeks discovery from Sterling or any third party which pertains to the Initial Questions, such discovery may proceed and is *not* encompassed by the stay, which applies only to formal discovery regarding Plaintiff's *claims against* Sterling.

## III.    DISCOVERY DISPUTES

The parties shall attempt to resolve discovery disputes informally consistent with the meet-and-confer requirement of the Rules. If Court intervention is required, the parties shall follow the pre-motion procedures preferred by this Court. Counsel shall appear on **July 8, 2013, at 2:45 p.m.**, to discuss any outstanding issues relating to the initial phase of discovery.

## IV.    SCHEDULE FOR PHASE I

1) Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by **June 14, 2013.**

2) Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by **June 14, 2013.**

3) Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by **September 20, 2013.**

4) Discovery from third-parties, including depositions, may be taken at any time and need not be conducted only after the completion of discovery from the parties to this litigation.

5) All Phase I discovery shall be completed by **September 20, 2013.**

6) The parties are relieved of the requirement to file pre-motion letters and attend a pre-motion conference with respect to the cross motions on the Initial Questions.

7) Cross-motions for summary judgment by Plaintiff and DISH addressing the Initial Questions shall be briefed as follows:
    - Cross motions, including Rule 56.1 statements and all exhibits, shall be served but not filed no later than **October 18, 2013.**
    - Response briefs and exhibits shall be served but not filed no later than **November 8, 2013**
    - Reply briefs and exhibits shall be served but not filed no later than **November 18, 2013.**
    - On each date that a brief is served, the serving parties shall indicate what in its own papers it believes to be appropriate for filing under seal and/or redaction.

8) No later than **November 25, 2013**, the parties shall submit one full unredacted copy of all motions, statements, briefs and exhibits to chambers. This submission shall be accompanied by a joint letter indicating what portions of the briefs and/or exhibits the parties believe should be filed under seal and/or redacted. Proposed redactions shall be highlighted in the submission.

9) Upon entry of a sealing order by the Court, the parties shall ECF file/file all submissions under seal and/or in redacted form, as ordered.

10) No deadline to amend the pleadings to add additional claims or parties shall be established until after the Initial Questions have been resolved.

11) Within twenty-one days of the completion of the mediation with Sterling the parties shall submit a status report to the Court.

12) **THE CLERK OF THE COURT IS DIRECTED TO ENTER INTO THE COURT'S CALENDAR A S TATUS CONFERENCE, AS PROVIDED ABOVE, on July 8, 2013, at 2:45 p.m.,** to discuss any outstanding issues relating to the initial phase of discovery.

**SO ORDERED:**

Dated:  May 29, 2013
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE