**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
SCOTT ERNST, individually and as a
representative of the classes,                :

               Plaintiff,                :

               vs.                          :

                                     Case No.: 12-cv-8794-LGS

DISH NETWORK, LLC, DISH NETWORK   :
SERVICE, LLC, and
STERLING INFOSYSTEMS, INC.,       :   **STERLING INFOSYSTEMS,**
                                          **INC.'S MEMORANDUM IN**
                                          **SUPPORT OF MOTION TO**
                                          **DISMISS COUNT VIII OF**
                                          **PLAINTIFF'S FIRST AMENDED**
               Defendants.             :   **CLASS ACTION COMPLAINT**
------------------------------------------------------------X

      Sterling Infosystems, Inc. ("Sterling"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, submits this Memorandum in Support of its Motion to Dismiss Count VIII of Plaintiff's First Amended Class Action Complaint ("Amended Complaint").[1]

### I.  INTRODUCTION

      The issue before the Court is whether Count VIII states a viable cause of action against Sterling. The answer is No.

      Count VIII alleges that Sterling violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(a) by furnishing a summary report ("Summary Report") to DISH Network, LLC and DISH Network Service, LLC (collectively, the "DISH Defendants" or "DISH") without having a permissible purpose to do so. (Am. Compl. at ¶¶ 182-183.) Section 1681b(a) governs the "permissible purposes" under which a consumer reporting agency ("CRA"), such as Sterling, may provide a consumer report. One such permissible purpose is providing a report to a person

---

[1] Sterling is filing an Answer to Plaintiff's First Amended Class Action Complaint to address and respond to the Counts and allegations not addressed by this Motion.

who intends to use the information for "employment purposes." 15 U.S.C. § 1681b(a)(3)(B). In other words, the FCRA expressly permits a CRA to provide a consumer report to a person who intends to use the information for employment purposes. *Id.*

In this action, Count VIII depends entirely on the factual assumption that the Summary Report at issue was furnished for "something other than an 'employment purpose.'" (Am. Compl. at ¶ 183.)[2] Therefore, a determination that the Summary Report was furnished for one of the permissible purposes enumerated in Section 1681b(a), including for employment purposes, would defeat and deal a fatal blow to Count VIII.

The problem for Plaintiff is that this Court has already concluded that the Summary Report at issue was furnished for employment purposes. In its September 22, 2014 Order & Opinion (Dkt. No. 104), this Court held, as a matter of law, that the Summary Report was collected and used for "employment purposes." (Dkt. No. 104, at 9, 10.) Therefore, the factual premise that Plaintiff relies upon in support of Count VIII has already been rejected as a matter of law by the Court. (*Id.*) Given the Court's ruling, and based on the doctrine of the law of the case, Count VIII fails as a matter of law and should be dismissed with prejudice.

## II.     FACTS AND BACKGROUND INFORMATION

Plaintiff filed his Amended Complaint on October 13, 2014. (Dkt. No. 108.) In the Amended Complaint, Plaintiff asserts claims against the DISH Defendants and Sterling for violations of the FCRA. *Id.*

Sterling is a consumer reporting agency that provides background reports for clients, including DISH. In April 2011, DISH implemented a program requiring that background checks be performed on current and prospective contractor technicians who would perform work

---

[2] Plaintiff concedes that Count VIII is offered in the alternative to Counts I-III of the Amended Complaint. (Am. Compl. at 30.)

installing or servicing DISH products. (Am. Compl. at ¶¶ 16-21.) Sterling provided these background reports. (*Id.* at ¶17.) DISH contractors, including Superior Satellite Services, Inc. ("Superior"), were required to implement this program. (*Id.* at ¶ 20.) In addition to the individual background reports that Sterling supplied to the DISH contractors, Sterling also provided DISH with a Summary Report. (Am. Compl. at ¶¶ 28, 29.) The Summary Report is the focus of Count VIII.

As part of this litigation, Plaintiff and DISH filed cross-motions for summary judgment on a single, potentially dispositive, issue — whether the type of document obtained by DISH concerning Plaintiff (the Summary Report) is a "consumer report" within the meaning of the FCRA and therefore subject to its strictures. (Dkt. No. 104 at 1.) On September 22, 2014, the Court issued its Order & Opinion on the cross-motions for summary judgment finding that the Summary Report is a consumer report as defined by the FCRA. *Id.* As part of its findings, this Court concluded that the Summary Report furnished by Sterling to DISH was furnished based on a permissible purpose under the FCRA — for employment purposes. (*Id.* at 9.) Therefore, the factual premise that Plaintiff needs to make Count VIII a viable cause of action, has already been expressly rejected as a matter of law by the Court. (*Id.*) Accordingly, Count VIII fails as a matter of law and should be dismissed with prejudice.

### III.   LEGAL ARGUMENT AND AUTHORITIES

#### A.   Legal Standard.

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the factual allegations contained in the complaint must be enough to raise a right to relief above the speculative level to one that is plausible on its face, rather than merely conceivable. *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007). A complaint achieves facial plausibility only when it

contains sufficient factual allegations supporting the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556 (emphasis added).[3]

When assessing the legal sufficiency of a complaint, a court need not accord legal conclusions, deductions or opinions couched as factual allegations a presumption of truthfulness. *Hunt v. Enzo Biochem, Inc.,* 530 F. Supp. 2d 580, 591 (S.D.N.Y. 2008). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570); *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 398 (2d Cir. 2006). Applying controlling precedent to this action, Count VIII of Plaintiff's Amended Complaint must be dismissed.

### B. The Court Can Consider Its Order Granting Plaintiff's Motion For Summary Judgment Under The Law Of The Case Doctrine.

In considering Sterling's Motion to Dismiss, the Court can rely upon the findings it reached as part of its ruling on summary judgment, because the summary judgment ruling is now the law of the case. The doctrine of "law of the case" provides that a decision regarding an issue of law made at one stage of litigation becomes binding precedent, to be followed in subsequent stages of the same litigation. *DiLaura v. Power Auth. of N.Y.*, 982 F.2d 73, 76 (2d Cir. 1992); *Sanders v. Sullivan*, 900 F.2d 601, 605 (2d Cir. 1990). The law of the case doctrine directs that "[w]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California,* 460 U.S. 605, 618 (1983). Particularly relevant to this action, the doctrine applies when a court first resolves a motion for summary judgment on the merits and is later presented with the same issues on a motion to

---

[3] The plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A complaint containing facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitle[ment] to relief.'" *Twombly,* 550 U.S. at 557.

dismiss.  *In re Montagne,* No. 08-10916, 2010 WL 271347, at *5 (D. Vt. Jan. 22, 2010); *see also Seed v. Vannet,* No. 09-CV-309-SLC, 2009 WL 5216937, at *1 (W.D. Wisc. Dec. 22, 2009) (Court held that its ruling on the parties' motions for summary judgment, which was made using facts outside the pleadings, *must* be considered in addressing plaintiffs' motion to dismiss the defendants' counterclaims because that ruling is the law of this case).

### C. Count VIII Fails As A Matter Of Law.

As discussed *supra,* Count VIII is built entirely on the assumption that Sterling did not have a permissible purpose to provide the Summary Report to DISH.  (Am. Compl. at ¶ 183.)  Plaintiff concedes as much, acknowledging that Count VIII is only viable if the Summary Report was provided for a purpose "other than an 'employment purpose.'"  *Id.*  Therefore, Count VIII fails if Sterling furnished the Summary Report for an employment purpose.

The problem for Plaintiff is that the Court has already resolved this issue, finding, as a matter of law, that the Summary Report was provided for employment purposes.  (Dkt. No. 104 at 9-10.)  Therefore, applying the doctrine of the law of the case, the Court has already expressly rejected the factual premise and assumptions necessary in order for Count VIII to state a viable cause of action against Sterling.  (*Id.*)  Accordingly, Count VIII fails to state a claim for relief against Sterling that is plausible on its face and it should be dismissed with prejudice.

### IV. CONCLUSION

For the foregoing reasons, Sterling respectfully requests that the Court grant its Motion to Dismiss Count VIII of Plaintiff's Amended Complaint and dismiss Count VIII, in its entirety, with prejudice.

Respectfully submitted,

_____/s/_____
LECLAIR RYAN
Robert W. Hellner
885 Third Ave, 16th Floor
New York, NY 10022

Megan S. Ben'Ary
(admitted *pro hac vice*)
2318 Mill Rd, Suite 1100
Alexandria, VA 22314

Charles K. Seyfarth
(admitted *pro hac vice*)
Meagan A. Mihalko
(admitted *pro hac vice*)
Riverfront Plaza – East Tower
951 E Byrd St, 8th Floor
Richmond, VA 23219

***Counsel for Defendant
Sterling Infosystems, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of November 2014, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>E. Michelle Drake
>Joseph Hashmall
>Megan Yelle
>Nichols Kaster, PLLP
>4600 IDS Center
>80 South Eighth Street
>Minneapolis, MN  55402
>drake@nka.com
>jhashmall@nka.com
>myelle@nka.com
>
>William J. Anthony
>Peter C. Moskowitz
>Steven J. Seidenfeld
>Tara L. Touloumis
>JACKSON LEWIS P.C.
>666 Third Avenue, 29th Floor
>New York, New York 10017
>AnthonyJ@jacksonlewis.com
>MoskowitzP@jacksonlewis.com
>Steven.Seidenfeld@jacksonlewis.com
>Tara.Touloumis@jacksonlewis.com

>             /s/             
>Charles K. Seyfarth