|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------------X<br>:<br>SCOTT ERNST, individually and as a representative of the :<br>classes                                                                                          :<br>                                        Plaintiff(s),         :<br>                -v-                                                          :<br>                                                                                   :<br>DISH NETWORK, LLC, et al.,                                       :<br>                                        Defendant(s).       :<br>                                                                                   :<br>------------------------------------------------------------------------X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 11/13/14<br><br>12 Civ. 8794 (LGS)<br><br>CIVIL CASE<br>MANAGEMENT PLAN<br>AND SCHEDULING<br>ORDER |

LORNA G. SCHOFIELD, United States District Judge:

       This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.     All parties [consent _____ / do not consent _____] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).  The parties are free to withhold consent without adverse substantive consequences.  *[If all parties consent, the remaining paragraphs need not be completed.]*

2.     The parties [have _____ / have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).

3.     This case is governed by one of the following sets of rules and the parties' proposed dates in this order have been adjusted accordingly.

   a.     An employment case governed by the Initial Discovery Protocols for Employment cases?  http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=713.  [Yes _____ / No _____]

   b.     A § 1983 case governed by the Plan for Certain § 1983 Cases Against the City of New York?  http://www.nysd.uscourts.gov/rules/1983%20Revised%20Plan%20and%20Exhibits.11.22.2013.pdf.  [Yes _____ / No _____]

   d.     A patent case subject to the Local Patent Rules?  http://www.nysd.uscourts.gov/rules/Standing_Order_In_re_Local_Patent_Rules.pdf.  [Yes _____ / No _____]

4.     Alternative Dispute Resolution/Settlement

   a.     Settlement discussions [have _____ / have not _____] taken place.

      b.      Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

_____
_____
_____

      c.      Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

_____
_____
_____

      d.      Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(b) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

_____
_____
_____

      e.      The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

5. No additional parties may be joined after _____ without leave of Court.

6. Amended pleadings may be filed without leave of Court until _____.

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than _____ days from the date of this Order. *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8. Fact Discovery

      a.      All fact discovery shall be completed no later than **June 2, 2015.**

      b.      Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by _____.

      c.      Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by _____.

      d.      Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by _____.

      e.      Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by _____.

      f.      Any of the deadlines in paragraphs 8(b) through 8(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).

9. Expert Discovery [if applicable]

      a.      Anticipated types of experts if any:
   _____
   _____
   _____

      b.      All expert discovery shall be completed no later than **June 2, 2015**. *[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* <u>Omit</u> unless types of experts are identified.

      c.      By _____ *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden *of* proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(a).

10. This case [is _____ / is not _____] to be tried to a jury.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is _____.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.
   _____
   _____
   _____
   _____

13. Status Letters and Conferences

      a.      By **January 15, 2015**, the parties shall submit a status letter explaining what discovery has taken place, what discovery remains, and how the parties are acting diligently to meet the discovery deadline.

b. By _____ *[14 days after the close of fact discovery]*, all counsel must confer to discuss settlement and jointly advise the Court in writing whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

c. On **June 17** at **10:30 A.M**. *[usually 14 days after the close of discovery]*, a case management conference shall be held. The conference will serve either as a pre-motion conference for any party seeking to file a summary judgment motion, or a scheduling conference for trial.

   i. A party wishing to file a summary judgment motion shall file a pre-motion letter, and any party wishing to oppose also shall file a letter at the times and in the form provided in the Court's Individual Rule III.A.1. The Court will set the briefing schedule at the conference. The Court will set a firm trial date after a decision on any summary judgment motion.

   ii. If no pre-motion letters are timely filed, at the Case Management Conference, the Court will set dates for a final pre-trial order, other pre-trial submissions, a final pre-trial conference and trial. The trial date will be firm.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 8(f)) shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

SO ORDERED.

Dated:  November 13, 2014
        New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**