EXHIBIT A

# Business Reply Mail

## Artwork

*Ernst v. DISH Network, LLC, DISH Network Services, LLC, and Sterling Infosystems, Inc.*
c/o ADMINISTRATOR
ADDRESS
ADDRESS

FIRST CLASS
MAIL
US POSTAGE
PAID
Permit#__

Postal Service: Please do not mark barcode

ABC-1234567-8

First Last
Address1
Address2
City, State, Zip Code

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Case No.12-cv-08794-LGS

### Claim Form & Release

*Ernst v. DISH Network, LLC, DISH Network Service, LLC, and Sterling Infosystems, Inc.*
c/o ADMINISTRATOR
ADDRESS

Claim #: ABC-1234567-8

Name/Address Changes:

‹‹First1›› ‹‹ Last1››
‹‹CO››
‹‹Addr1›› ‹‹Addr2››
‹‹City››, ‹‹St›› ‹‹Zip›› ‹‹Country››

IF YOU MOVE, send your CHANGE OF ADDRESS to ADMINISTRATOR at the above address.

**To Receive A Payment You Must Enter All Requested Information,
Sign And Mail This Claim Form, Postmarked On Or Before DATE**

Enter the last four digits of your social security number and any
Former names:

Social Security Number (Last Four Digits ONLY): X X X – X X –  _____  _____  _____  _____

Former Names (if any): _____

The undersigned declares under penalty of perjury under the laws of the State of New York that he or she has read the Notice Of Proposed Class Settlement, will be bound to the Release and other terms of the Settlement therein, is entitled to the Settlement payment and that no other person and or entity has a claim to any settlement monies that he or she will receive.

Signature: _____   Home Telephone: _____ _____

Date: _____   E-mail Address: _____

EXHIBIT B

**United States District Court, Southern District of New York**

*Ernst v. DISH Network, LLC, DISH Network Service, LLC,*
*and Sterling Infosystems, Inc.*
Case No. 12-cv-08794-LGS

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING**

*A court authorized this Notice. This is not a solicitation from a lawyer.*

- This notice relates to a proposed settlement in a class action lawsuit which alleges that DISH Network, LLC, DISH Network Service, LLC ("DISH") and Sterling Infosystems, Inc. ("Sterling") violated the Fair Credit Reporting Act ("FCRA"). This settlement only relates to the claims against Sterling.

- Sterling denies that it violated the law in any fashion whatsoever. The two sides disagree as to whether Sterling's conduct was permitted under the FCRA, whether Sterling would be liable under the FCRA with respect to that conduct, and if so, the extent of any such liability. The parties have agreed to resolve the lawsuit against Sterling through a settlement.

- There are three proposed settlement classes, which are defined in detail within this Notice. Membership in the settlement classes will be determined based upon Sterling's records.

- You may be eligible to receive benefits from this class action settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **Submit a Claim Form** | If you are a member of Class **II** or **III** and wish to receive benefits under the settlement, you need to return the Claim Form. |
| **Do Nothing** | If you are a member of Class **I**, and wish to receive benefits under the settlement, you do not need to do anything. If you are a member of Class **II** or **III**, if you do not return the Claim Form that was mailed to you, you will receive no monetary recovery in connection with those Classes but will lose your right to sue Sterling in the future. |
| **Exclude Yourself** | Receive no benefit. This is the only option that allows you ever to be part of any other lawsuit or legal action against Sterling about the matters being resolved in this settlement. |
| **Object** | Write to the Court about why you object to the settlement. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the settlement. |

- Your rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court still has to decide whether to approve this settlement, which may take some time.

## <u>TABLE OF CONTENTS</u>

Basic Information ............................................................................................................... 3

1. Why did I get this notice? ............................................................................................ 3

2. What is the lawsuit about? ........................................................................................... 3

3. Why is this case a class action? .................................................................................. 4

4. Why is there a settlement? ........................................................................................... 4

Who Is In The Settlement .................................................................................................... 4

5. How do I know if I am part of the settlement? ........................................................... 4

The Settlement Benefits ...................................................................................................... 5

6. What does the settlement provide? .............................................................................. 5

7. How can I get a benefit? .............................................................................................. 5

8. When would I get my benefit? ..................................................................................... 6

9. What am I giving up to get a benefit or stay in the class or classes? .......................... 6

10. How do I get out of the settlement? ............................................................................ 6

11. If I don't exclude myself, can I sue Sterling for the same thing later? ....................... 6

12. If I exclude myself, can I get benefits from this settlement? ...................................... 7

The Lawyers Representing You ........................................................................................... 7

13. Do I have a lawyer in this case? .................................................................................. 7

14. How will the lawyers be paid? .................................................................................... 7

Objecting To The Settlement ............................................................................................... 7

15. How do I tell the Court that I don't like the settlement? ............................................. 7

16. What's the difference between objecting and excluding? ........................................... 8

17. Where and when will the Court decide whether to approve the settlement? .............. 8

18. Do I have to come to the hearing? .............................................................................. 9

19. May I speak at the hearing? ......................................................................................... 9

Getting More Information .................................................................................................... 9

20. Are there more details about the settlement? .............................................................. 9

21. How do I get more information? .................................................................................. 9

## Basic Information

## 1. Why did I get this notice?

If you are a class member, you should have received a shorter notice, and if you are a member of Class **II** or **III** a Claim Form, in the mail. Your short postcard notice indicates which Class(es) you are a member of. This Notice has been posted for the benefit of potential members of one or more of the following three Settlement Classes:

> Class I – Criminal Record Settlement Class: All consumers for whom Sterling issued a consumer report on or after December 4, 2010, where the report contained one or more criminal counts that did not result in a conviction but which predate the report by more than seven years. Consumers for whom Sterling's records indicate a salary that was or was reasonably likely to exceed $75,000 are excluded from the Class.

> Class II – MVR Record Settlement Class: All consumers for whom Sterling issued a consumer report on or after December 4, 2010, where the report contained one or more items of information in the motor vehicle records ("MVR") section of the report which predate the report by more than seven years. Consumers for whom Sterling's records indicate a salary that was or was reasonably likely to exceed $75,000 are excluded from the Class.

> Class III – DISH Contractor Settlement Class: All consumers who were the subject of a consumer report issued by Sterling to a contractor participating in the DISH Network Contractor Program, and for whom certain information contained in the report was also provided by Sterling to DISH in a summary report on or after December 4, 2010.

Composition of the Settlement Classes is based upon Sterling's records.

This Notice has been posted because members of the Settlement Classes have a right to know about a proposed settlement of a class action lawsuit in which they are class members, and about all of their options, before the Court decides whether to approve the settlement. If the Court approves the settlement, and after objections or appeals relating to that settlement are resolved, the benefits provided for by the settlement will be available to members of the Settlement Classes.

This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. A full copy of the Settlement Agreement may be reviewed at the Settlement Website: WEBSITE. This Notice contains only a summary of the Settlement Agreement.

The Court in charge of this case is the United States District Court for the Southern District of New York, and the case is known as *Ernst v. DISH Network, LLC, DISH Network Service, LLC, and Sterling Infosystems, Inc.*, Case No. 12-cv-08794-LGS. The person who filed this lawsuit is called the Plaintiff, and DISH and Sterling are the Defendants. This settlement only affects the claims against Sterling.

## 2. What is the lawsuit about?

With respect to Sterling, Plaintiff alleged several distinct violations of the FCRA. On behalf of Class I, Plaintiff has alleged that Sterling violated the FCRA by including non-convictions older than seven years on its consumer reports. On behalf of Class II, Plaintiff has alleged that Sterling violated the FCRA by including

3

motor vehicle record information that did not result in a conviction, which was older than seven years, on its consumer reports.  On behalf of Class III, Plaintiff has alleged that Sterling violated the FCRA by providing consumer reports to DISH, without DISH having a permissible purpose to receive the reports.  Based on these allegations, Plaintiff seeks statutory damages.

Sterling disputes Plaintiff's allegations and denies all liability to Plaintiff and the Settlement Classes.  In the lawsuit, Sterling has denied Plaintiff's allegations and has raised a number of defenses to the claims asserted.

No court has found Sterling to have violated the law in any way.  No court has found that the Plaintiff could recover any certain amount in this litigation.

Although the Court has authorized Notice to be given of the proposed settlement, this Notice does not express the opinion of the Court on the merits of the claims or defenses asserted by either side in the lawsuit.

## 3.  Why is this case a class action?

Class actions are lawsuits in which the claims and rights of many people are decided in a single proceeding.  In a class action, representative plaintiffs ("class representatives") seek to assert claims on behalf of all members of a class or classes of similarly situated people.  In a class action, people with similar claims are treated alike.  The court is guardian of the class's interests and supervises the prosecution of the class claims by counsel for the class or classes to assure that the representation is adequate.  Class members are not individually responsible for the costs or fees of counsel, which are subject to court award.

## 4.  Why is there a settlement?

The Court did not decide this case in favor of Plaintiff or in favor of Sterling.  Instead, Counsel for the Settlement Classes investigated the facts and applicable law regarding Plaintiff's claims against Sterling and Sterling's defenses.  The parties engaged in lengthy and arm's-length negotiations to reach this settlement.  Plaintiff and Counsel for the Settlement Classes believe that the proposed settlement is fair, reasonable, and adequate and in the best interests of the Classes.

Both sides agree that, by settling, Sterling is not admitting any liability or that it did anything wrong.  Both sides want to avoid the uncertainties and expense of further litigation.

## Who Is In The Settlement

## 5.  How do I know if I am part of the settlement?

You are a part of the settlement if on or after December 4, 2010, Sterling (1) issued a consumer report on you that contained one or more criminal counts that did not result in a conviction that predated the report by more than 7 years and your salary was $75,000 or less; (2) issued a consumer report on you that contained one or more items of information in the motor vehicle records ("MVR") section of the report that predated the report by more than 7 years and your salary was $75,000 or less; OR (3) issued a consumer report on you for a contractor participating in the DISH Network Contractor Program and provided a summary report on you to DISH.

If you received a notice in the mail, Sterling's records indicate you are a member of one or more of the Settlement Classes.  Your mail notice indicates which Class(es) you are a member of.  If you are not certain as

4

to whether you are a member of the Settlement Classes, or which Class(es) you are a member of, you may contact the Settlement Administrator to find out.  In all cases, the question of class membership will be determined based on Sterling's records.

## The Settlement Benefits—What You Get

### 6.  What does the settlement provide?

If you are a member of any of the Settlement Classes, you may receive benefits under the settlement.

Through this settlement, Sterling will contribute $4,125,000 to the settlement fund for Class I, $375,000 to the settlement fund for Class II, and $250,000 to the settlement fund for Class III, to be distributed to members of the Classes.  The amount distributed to any individual claimant will depend on the number and type of claims submitted, as well as the amount of attorneys' fees and costs awarded by the Court.  If all requested costs and fees are awarded, and if the claims rate is what the parties estimate it to be, members of Class I are expected to receive approximately $43, members of Class II are expected to receive approximately $20, and members of Class III are expected to receive approximately $20.  These numbers are estimates. Payments will be made by check to members of the Settlement Classes.  For Classes II and III, payments will only be made to those who timely return properly-completed Claim Forms.

Members of multiple Classes will receive a proportionate share of the settlement funds for each one of those Settlement Classes in which they are a member, as set forth in the Settlement Agreement.

If any settlement funds remain after all checks have been distributed, and after all attorneys' fees, expenses and administrative costs have been paid, any remaining amounts will be distributed to the parties' designated *cy pres* organization.

### 7.  How can I get a benefit?

If you are a member of Class **I** only, you do not need to do anything to get a benefit.

If you are a member of Class **II** and/or **III**, to qualify and receive benefits, you need to return the Claim Form that was mailed to you, postmarked on or before **DATE**.  The completed Claim Form must include your current name, former name (if any), address, telephone number, e-mail address (if applicable), and the last four digits of your Social Security number.  It must also include your certification under penalty of perjury that all information on the Claim Form is true and correct.  You may send the Claim Form to the Settlement Administrator within an envelope if you prefer.  If so, you will need to supply postage.

Your interest as a member of the Settlement Class(es) will be represented by Plaintiff and Counsel for the Settlement Classes.  You will be bound by any judgment arising from the settlement.  If the settlement is approved, and you timely return the Claim Form, the Settlement Administrator will send you any monies that you are entitled to under the settlement.

If you change your address, you must mail a notification of your new address to the Settlement Administrator.

### 8.  When would I get my benefit?

The Court will hold a Fairness Hearing at **TIME** on **DATE** in the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, to decide whether to approve the settlement. If the settlement is approved, there may be appeals. Payments to members of the Settlement Classes will be made only if the settlement is finally approved. This may take some time, so please be patient.

## 9. What am I giving up to get a benefit or stay in the class or classes?

Upon the Court's approval of the settlement, all members of the Settlement Classes who do not exclude themselves (as well as their spouses, heirs, and others who may possess rights on their behalf) will fully release Sterling (and its affiliates, subsidiaries, employees, and others who may be subject to claims with respect to Sterling as specified in the Settlement Agreement) for all claims asserted or which could have been asserted on behalf of the Classes in this Litigation. This release may affect your rights, and may carry obligations, in the future. To view the full terms of this release, which are contained in the Settlement Agreement, please visit WEBSITE.

## 10. How do I get out of the Settlement?

If you choose to be excluded from the settlement, you will not receive any money, and you will not be bound by any judgment or other final disposition of the lawsuits. You will retain any claims against Sterling you might have. To request exclusion, send a letter which includes: (i) your name, address, telephone number, and the last four digits of your Social Security number; (ii) a statement that you are a member of one or more of the Settlement Classes; and (iii) the following statement: "I request to be excluded from the class settlement in *Ernst v. Sterling Infosystems, Inc.*" **Your request for exclusion must be sent by first class mail, postmarked on or before DATE**, addressed to:

ADMINISTRATOR
ADDRESS
ADDRESS

**If the request is not postmarked on or before DATE, your request for exclusion will be invalid**, and you will be bound by the terms of the settlement approved by the Court.

If you choose to be excluded from the settlement, you will not be bound by any judgment or other final disposition of the lawsuit. You will retain any claims against Sterling you may have.

## 11. If I don't exclude myself, can I sue Sterling for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Sterling for the claims that this settlement resolves, even if you do not file a Claim Form. If you have a pending lawsuit, speak to your lawyer in that case immediately.

## 12. If I exclude myself, can I get benefits from this settlement?

No. If you exclude yourself, you are not part of the settlement.

## The Lawyers Representing You

## 13. Do I have a lawyer in this case?

The Court has appointed Scott Ernst as Class Representative. The Court has appointed Nichols Kaster, PLLP as Counsel for the Settlement Classes:

E. Michelle Drake
Nichols Kaster, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
1-877-448-0492

Counsel for the Settlement Classes represent the interests of the Settlement Classes. You may hire your own attorney to advise you, but if you hire your own attorney, you will be responsible for paying that attorney's fees.

## 14. How will the lawyers be paid?

Counsel for the Settlement Classes intend to apply to the Court for an award of attorneys' fees, in an amount not greater than one-third of the settlement funds, plus documented, customary out-of-pocket expenses incurred during the case. The Court may award less. Counsel for the Settlement Classes also will seek compensation for Plaintiff in an amount not to exceed $5,000. In both cases, these amounts will be paid directly out of the settlement funds.

## Objecting To The Settlement

## 15. How do I tell the Court that I don't like the settlement?

You can object to any aspect of the proposed settlement by filing and serving a written objection. Your written objection must include: (i) your name, address, telephone number, and the last four digits of your Social Security number; (ii) a statement that you are a member of one or more of the Settlement Classes; (iii) the factual basis and legal grounds for the objection to the Settlement; (iv) the identity of any witnesses whom you may call to testify at the Final Fairness Hearing; and (v) copies of any exhibits you may seek to offer into evidence at the Final Fairness Hearing.

**You must file any objection with the settlement administrator by DATE.**

ADMINISTRATOR
ADDRESS
ADDRESS

Any member of the Settlement Classes who does not file and serve an objection in the time and manner described above will not be permitted to raise that objection later.

## 16. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the settlement. Excluding yourself is telling the Court that you don't want to be part of the settlement. If you exclude yourself, you have no basis to object because the lawsuit no longer affects you.

## 17.  Where and when will the Court decide whether to approve the settlement?

There will be a Fairness Hearing to consider approval of the proposed settlement at **TIME** on **DATE** at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York. The hearing may be postponed to a later date without further notice, but any such delay will be noted on the settlement website at [WEBSITE].  The purpose of the hearing is to determine the fairness, reasonableness, and adequacy of the terms of settlement; whether the Settlement Classes are adequately represented by Plaintiff and Counsel for the Settlement Classes; and whether an order and final judgment should be entered approving the proposed settlement.  The Court also will consider Settlement Class Counsel's application for an award of attorneys' fees and expenses and Plaintiff's compensation.

You will be represented at the Fairness Hearing by Counsel for the Settlement Classes, unless you choose to enter an appearance in person or through your own counsel.  The appearance of your own attorney is not necessary to participate in the Fairness Hearing.

## 18.  Do I have to come to the hearing?

No.  Counsel for the Settlement Classes will represent the Settlement Classes at the Fairness Hearing, but you are welcome to come at your own expense.  If you send any objection, you do not have to come to Court to talk about it.  As long as you filed and mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, if you wish.

## 19.  May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must send with your objection a notice of intention to appear at the hearing as described in Paragraph 15 above.  You cannot speak at the hearing if you excluded yourself.

## Getting More Information

## 20.  Are there more details about the settlement?

This Notice is only a summary.  For a more detailed statement of the matters involved in the lawsuit or the settlement, you may refer to the papers filed in this case during regular business hours at the office of the Clerk of the Court, United States District Court for the Southern District of New York, File: *Ernst v. DISH Network, LLC, DISH Network Service, LLC, and Sterling Infosystems, Inc.*, Case No. 12-cv-08794-LGS.  The full Settlement Agreement and certain pleadings filed in the case are available at WEBSITE or can be requested, in writing, from the Settlement Administrator, identified in Paragraph 10 above.

## 21.  How do I get more information?

You can visit WEBSITE or contact the Settlement Administrator, identified in Paragraph 10 above.  **Please do not contact the Court for information.**

**EXHIBIT C**

**MAIL NOTICE**

- **Exhibit C-1: Mail Notice Cover Page for individuals who are members of Class I (Criminal Record Settlement Class) <u>only</u>.**

- **Exhibit C-2:  Mail Notice Cover Page for individuals who are members of Class I (Criminal Record Settlement Class) <u>and</u> at least one other Class.**

- **Exhibit C-3:  Mail Notice Cover Page for individuals who are members of Class II (MVR Record Settlement Class) <u>or</u> Class III (DISH Contractor Settlement Class), <u>or</u> are members of both Class II <u>and</u> III.**

- **Exhibit C-4:  Mail Notice Pages 2 – 4 which all class members will receive.**

EXHIBIT C-1

**United States District Court, Southern District of New York**

*Ernst v. DISH Network, LLC, DISH Network Service, LLC,*
*and Sterling Infosystems, Inc.*
**Case No. 12-cv-08794-LGS**

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING**

*A court authorized this Notice.  This is not a solicitation from a lawyer.*

- This notice relates to a proposed settlement in a class action lawsuit which alleges that DISH Network, LLC, DISH Network Service, LLC ("DISH") and Sterling Infosystems, Inc. ("Sterling") violated the Fair Credit Reporting Act ("FCRA").  This settlement only relates to the claims against Sterling.

- This Settlement relates to three different groups of people, called Classes I, II and III.  These groups are defined in the pages that follow.  You may be a member of just one of those groups, two of those groups, or all three.  Some of these groups need to return a Claim Form in order to receive compensation from this settlement.  The next bullet point identifies which group(s) you are a member of, and informs you whether or not you need to return a Claim Form.

- You have been identified as a member of Class I.  You do **NOT** need to return a Claim Form to receive a benefit from this settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **Do Nothing** | If you wish to receive benefits under the settlement, you do not need to do anything.  If the settlement is approved by the Court, you will receive a check in the mail, with your share of the settlement fund. |
| **Exclude Yourself** | Receive no benefit.  This is the only option that allows you ever to be part of any other lawsuit or legal action against Sterling about the matters being resolved in this settlement. |
| **Object** | Write to the Court about why you object to the settlement. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the settlement. |

- Your rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court still has to decide whether to approve this settlement, which may take some time.

- This Notice is only a summary of the terms of the settlement.  A more extensive notice, as well as a full copy of the Settlement Agreement itself, may be reviewed at the Settlement Website: WEBSITE.

EXHIBIT C-2

**United States District Court, Southern District of New York**

*Ernst v. DISH Network, LLC, DISH Network Service, LLC,*
*and Sterling Infosystems, Inc.*
Case No. 12-cv-08794-LGS

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING**

*A court authorized this Notice.  This is not a solicitation from a lawyer.*

- This notice relates to a proposed settlement in a class action lawsuit which alleges that DISH Network, LLC, DISH Network Service, LLC ("DISH") and Sterling Infosystems, Inc. ("Sterling") violated the Fair Credit Reporting Act ("FCRA").  This settlement only relates to the claims against Sterling.

- This Settlement relates to three different groups of people, called Classes I, II and III.  These groups are defined in the pages that follow.  You may be a member of just one of those groups, two of those groups, or all three.  Some of these groups need to return a Claim Form in order to receive compensation from this settlement.  The next bullet point identifies which group(s) you are a member of, and informs you whether or not you need to return a Claim Form.

- You have been identified as a member of Class I and Class [II or II] OR [Classes I, II and III].  You do not need to return a Claim Form to receive some benefits from the settlement.  However, to receive *all* of the benefits you may be entitled to, **you must complete and return the enclosed Claim Form** by DATE.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **Submit a Claim Form** | If you wish to receive your full benefits under the settlement, you need to return the Claim Form that is included in this mailing. |
| **Do Nothing** | If you do nothing, you will receive some benefits under the settlement, but not as much as if you return a valid Claim Form.  Even if you do nothing, you will lose your right to sue Sterling in the future regarding the issues in this lawsuit. |
| **Exclude Yourself** | Receive no benefit.  This is the only option that allows you ever to be part of any other lawsuit or legal action against Sterling about the matters being resolved in this settlement. |
| **Object** | Write to the Court about why you object to the settlement. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the settlement. |

- Your rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court still has to decide whether to approve this settlement, which may take some time.

- This Notice is only a summary of the terms of the settlement.  A more extensive notice, as well as a full copy of the Settlement Agreement itself, may be reviewed at the Settlement Website: WEBSITE.

EXHIBIT C-3

**United States District Court, Southern District of New York**

*Ernst v. DISH Network, LLC, DISH Network Service, LLC,*
*and Sterling Infosystems, Inc.*
**Case No. 12-cv-08794-LGS**

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING**

*A court authorized this Notice.  This is not a solicitation from a lawyer.*

- This notice relates to a proposed settlement in a class action lawsuit which alleges that DISH Network, LLC, DISH Network Service, LLC ("DISH") and Sterling Infosystems, Inc. ("Sterling") violated the Fair Credit Reporting Act ("FCRA").  This settlement only relates to the claims against Sterling.

- This Settlement relates to three different groups of people, called Classes I, II and III.  These groups are defined in the pages that follow.  You may be a member of just one of those groups, two of those groups, or all three.  Some of these groups need to return a Claim Form in order to receive compensation from this settlement.  The next bullet point identifies which group(s) you are a member of, and informs you whether or not you need to return a Claim Form.

- You have been identified as a member of [Class II or III or both Classes II and III] To receive a benefit under the settlement, **you must complete and return the enclosed Claim Form** by DATE.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **Submit a Claim Form** | If you wish to receive a benefit under the settlement, you need to complete and return the Claim Form that is included in this mailing. |
| **Do Nothing** | If you do nothing, you will not receive a benefit under the settlement.  Even if you do nothing, you will lose your right to sue Sterling in the future regarding the issues in this lawsuit. |
| **Exclude Yourself** | Receive no benefit.  This is the only option that allows you ever to be part of any other lawsuit or legal action against Sterling about the matters being resolved in this settlement. |
| **Object** | Write to the Court about why you object to the settlement. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the settlement. |

- Your rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court still has to decide whether to approve this settlement, which may take some time.

This Notice is only a summary of the terms of the settlement.  A more extensive notice, as well as a full copy of the Settlement Agreement itself, may be reviewed at the Settlement Website: WEBSITE.

EXHIBIT C-4

**Description of the Lawsuit:** This case is about whether Sterling violated the Fair Credit Reporting Act in relation to criminal background checks.  There are three groups of people, or classes, affected by this settlement.  The first page of this notice informed you of the class or classes in which you are a member.

Class I – Criminal Record Settlement Class:  All consumers for whom Sterling issued a consumer report on or after December 4, 2010, where the report contained one or more criminal counts that did not result in a conviction but which predate the report by more than seven years. Consumers for whom Sterling's records indicate a salary that was or was reasonably likely to exceed $75,000 are excluded from the Class.

On behalf of Class I, Plaintiff has alleged that Sterling violated the Fair Credit Reporting Act by including non-convictions older than seven years on its consumer reports. Sterling denies Plaintiff's allegations, including any alleged violation of the Fair Credit Reporting Act.

Class II – MVR Record Settlement Class:  All consumers for whom Sterling issued a consumer report on or after December 4, 2010, where the report contained one or more items of information in the motor vehicle records ("MVR") section of the report which predate the report by more than seven years.  Consumers for whom Sterling's records indicate a salary that was or was reasonably likely to exceed $75,000 are excluded from the Class.

On behalf of Class II, Plaintiff has alleged that Sterling violated the Fair Credit Reporting Act by including motor vehicle record information that did not result in a conviction, which was older than seven years on its consumer reports.  Sterling denies Plaintiff's allegations, including any alleged violation of the Fair Credit Reporting Act.

Class III – DISH Contractor Settlement Class:  All consumers who were the subject of a consumer report issued by Sterling to a contractor participating in the DISH Network Contractor Program, and for whom certain information contained in the report was also provided by Sterling to DISH in a summary report on or after December 4, 2010.

On behalf of Class III, Plaintiff has alleged that Sterling violated the Fair Credit Reporting Act by providing consumer reports to DISH, without DISH having a permissible purpose to receive the reports. Sterling denies Plaintiff's allegations, including any alleged violation of the Fair Credit Reporting Act.

Composition of the Settlement Classes is based upon Sterling's records.

This Notice has been sent to you because members of the Settlement Classes have a right to know about a proposed settlement of a class action lawsuit in which they are class members, and about all of their options, before the Court decides whether to approve the settlement.  If the Court approves the settlement, and after objections or appeals, if any, relating to that settlement are resolved, the benefits provided for by the settlement will be available to members of the Settlement Classes.

**Settlement Benefits and Release of Claims:**

Through this settlement, Sterling will contribute $4,125,000 to the settlement fund for Class I, $375,000 to the settlement fund for Class II, and $250,000 for Class III, to be distributed to members of the Classes.  Members of Class I do not have to submit a Claim Form to receive a share of the fund, but members of Classes II and III do.  The first page of this notice informs you whether or not you need to submit a Claim Form.  The amount distributed to any individual claimant will depend on the number and type of claims submitted, as well as the amount of attorneys' fees and costs awarded by the Court.  If all requested costs and fees are awarded, and if the

claims rate is what the parties estimate it to be, members of Class I are expected to receive approximately $43, members of Class II are expected to receive approximately $20, and members of Class III are expected to receive approximately $20. These numbers are estimates. If you are a member of more than one class, you will receive a payment for all the classes of which you are a member, so long as you timely return a properly-completed, valid Claim Form. Payments will be made by check to members of the Settlement Classes. For Classes II and III, payments will only be made to those who timely return properly-completed, valid Claim Forms.

Upon the Court's approval of the settlement, all members of the Settlement Classes who do not exclude themselves (as well as their spouses, heirs, and others who may possess rights on their behalf) will fully release Sterling (and its affiliates, subsidiaries, officers, directors, employees, and others who may be subject to claims with respect to Sterling as specified in the Settlement Agreement) for all claims asserted or which could have been asserted on behalf of the Classes in this Litigation. This release may affect your rights, and may carry obligations, in the future. To view the full terms of this release, which are contained in the Settlement Agreement, please visit WEBSITE.

**Excluding Yourself:** If you choose to be excluded from the settlement, you will not receive any payments, and you will not be bound by any judgment or other final disposition of the lawsuits. You will retain any claims against Sterling you might have. To request exclusion, send a letter which includes: (i) your name, address, telephone number, and the last four digits of your Social Security number; (ii) a statement that you are a member of one or more of the Settlement Classes; and (iii) the following statement: "I request to be excluded from the class settlement in *Ernst v. Sterling Infosystems, Inc.*" **Your request for exclusion must be sent by first class mail, postmarked on or before DATE**, addressed to:

ADMINISTRATOR
ADDRESS
ADDRESS

**If the request is not postmarked on or before DATE, your request for exclusion will be invalid**, and you will be bound by the terms of the settlement approved by the Court.

If you choose to be excluded from the settlement, you will not be bound by any judgment or other final disposition of the lawsuit. You will retain any claims against Sterling you may have.

**Objecting to the Settlement:** You can object to any aspect of the proposed settlement by filing and serving a written objection. Your written objection must include: (i) your name, address, telephone number, and the last four digits of your Social Security number; (ii) a statement that you are a member of one or more of the Settlement Classes; (iii) the factual basis and legal grounds for the objection to the Settlement; (iv) the identity of any witnesses whom you may call to testify at the Final Fairness Hearing; and (v) copies of any exhibits you may seek to offer into evidence at the Final Fairness Hearing.

**You must file any objection with the settlement administrator by DATE.**

ADMINISTRATOR
ADDRESS
ADDRESS

Any member of the Settlement Classes who does not file and serve an objection in the time and manner described above will not be permitted to raise that objection later.

3

**Final Fairness Hearing**:  There will be a Fairness Hearing to consider approval of the proposed settlement at **TIME** on **DATE** at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York.  The hearing may be postponed to a later date without further notice, but any such delay will be noted on the settlement website at [WEBSITE].  The purpose of the hearing is to determine the fairness, reasonableness, and adequacy of the terms of settlement; whether the Settlement Classes are adequately represented by Plaintiff and Counsel for the Settlement Classes; and whether an order and final judgment should be entered approving the proposed settlement.  The Court also will consider Class Counsel's application for an award of attorneys' fees and expenses and Plaintiff's compensation.

You do not need to attend the Fairness Hearing.  You will be represented at the Fairness Hearing by Counsel for the Settlement Classes, unless you choose to enter an appearance in person or through your own counsel.  The appearance of your own attorney is not necessary to participate in the Fairness Hearing.

**Lawyers Representing You**:  The Court decided that the law firm of Nichols Kaster, PLLP will represent you and the Settlement Classes as Class Counsel.  More information about this law firm, its practices, and the lawyers' experience is available at www.nka.com.

Class Counsel represent the interests of the Settlement Class.  You may hire your own attorney to advise you, but if you hire your own attorney, you will be responsible for paying that attorney's fees.

Class Counsel intend to apply to the Court for an award of attorneys' fees, in an amount not to exceed one-third of the settlement, plus documented, customary, out-of-pocket expenses incurred during the case.  The Court may award less.  These amounts will be paid from the settlement fund, not by you.

**More Information**:  This Notice is only a summary.  Complete details about your rights and options are available at [WEBSITE], or you may contact the settlement administrator at [PHONE].  If you would like to update your address, you may do so on the settlement website.  Do not contact the Court for information.

EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

SCOTT  ERNST,  individually  and  as  a
representative of the classes,

                                    Plaintiff,

                    -against-

DISH NETWORK, LLC, DISH NETWORK
SERVICE, LLC, AND STERLING
INFOSYSTEMS, INC.

                                    Defendants.

------------------------------------------------------------

Case No.: 12 CIV 8794(LGS)

**[PROPOSED] PRELIMINARY
SETTLEMENT APPROVAL
ORDER**

Based  on  Plaintiff  Scott  Ernst's  Unopposed  Motion  for  Preliminary  Approval  of  the
Proposed Class Action Settlement with Sterling Infosystems, Inc. ("Sterling" or "Defendant") in
the  above-captioned  matter  ("Lawsuit"),  and  for  good  cause  shown  therein,  IT  IS  HEREBY
ORDERED:

        1.        For settlement purposes only, the Court preliminarily finds that the Settlement of
the  Lawsuit,  on  the  terms  and  conditions  set  forth  in  the  Settlement  Agreement,  including  all
exhibits thereto, is fair, reasonable, adequate and in the best interest of the Settlement Class
Members and within the range of reasonableness for preliminary settlement approval.  The Court
finds that: (a) the Settlement Agreement resulted from extensive arms-length negotiations; and
(b) the Settlement Agreement is sufficiently reasonable to warrant notice of the Settlement to
persons in the Settlement Classes and a full hearing on the approval of the Settlement.  The
Settlement Agreement, including its exhibits, and the definition of words and terms contained
therein, are incorporated by reference in this Order.

        2.        Pursuant  to  Fed.  R.  Civ.  P.  23(b)(3),  the  Court  conditionally  certifies,  for
settlement purposes only, the following Settlement Classes with respect to the claims asserted
against Sterling in the Lawsuit:

1

**Criminal Record Settlement Class.** All consumers for whom Sterling issued a consumer report on or after December 4, 2010, where the report contained one or more criminal counts that did not result in a conviction but which predate the report by more than seven years. Consumers for whom Sterling's records indicate a salary that was or was reasonably likely to equal or exceed $75,000 are excluded.

**DISH Contractor Settlement Class.** All consumers who were the subject of a consumer report issued by Sterling to a contractor participating in the DISH Network Contractor Program, and for whom certain information contained in the report was also provided by Sterling to DISH in a summary report on or after December 4, 2010.

**MVR Record Settlement Class.** All consumers for whom Sterling issued a consumer report on or after December 4, 2010, where the report contained one or more items of information in the motor vehicle records ("MVR") section of the report which predate the report by more than seven years. Consumers for whom Sterling's records indicate a salary that was or was reasonably likely to equal or exceed $75,000 are excluded.

In connection with this conditional certification, the Court makes the following preliminary findings for settlement purposes only:

(a)     The Settlement Classes appear to be so numerous that joinder of all members is impracticable;

(b)     There appear to be questions of law or fact common to the Settlement Classes for purposes of determining whether this Settlement should be approved;

(c)     Plaintiff's claims appear to be typical of the claims being resolved through the proposed Settlement;

(d)     Plaintiff appears to be capable of fairly and adequately protecting the interests of the Settlement Classes in connection with the proposed Settlement;

(e)     Common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Classes. Accordingly, the Settlement Classes appear to be sufficiently cohesive to warrant settlement by representation; and

(f)     Certification of the Settlement Classes appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Classes.

3.     For settlement purposes only, the Court preliminarily certifies Plaintiff Scott Ernst as the class representative.  The Court preliminarily approves Nichols Kaster, PLLP as Class Counsel.  The Court preliminarily finds that Class Counsel have and will fairly and adequately represent the interests of the Settlement Class Members.  Plaintiff and Class Counsel, on behalf of the Settlement Classes, are authorized to take all appropriate action required or permitted to be taken by the Settlement Agreement to effectuate its terms.

4.     Class Counsel will hire a third-party administrator (the "Settlement Administrator") to assist in the administration of the settlement and the notification to Settlement Class Members.  The Court appoints Dahl Administration, LLC as Settlement Administrator.  The costs and expenses for the Settlement Administrator shall be paid subject to the terms of the Settlement Agreement.  The Settlement Administrator will be responsible for carrying out the tasks set forth in the Settlement Agreement.

5.     The Settlement Administrator is permitted to obtain information governed by the Fair Credit Reporting Act for the sole purpose of locating current addresses of the Settlement Class Members, pursuant to 15 U.S.C. § 1681b(a)(1).

6.     The Court approves the Mail Notices and Claim Form for distribution in accordance with the schedule set forth in the Settlement Agreement.  The Court finds that the proposed method of class notice fully satisfies the requirements of due process, the Federal Rules of Civil Procedure, and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.  The Court further approves the claims procedures as set forth in the Settlement Agreement.

7.     All class members have the right to either opt-out or object to this Settlement pursuant to the procedures and schedule included in the Settlement Agreement and members of the MVR Record Settlement Class and the DISH Contractor Settlement Class have the additional right to return a Claim Form for a monetary benefit pursuant to the procedures and schedule included in the Settlement Agreement.  The opt-out and objection deadlines shall be calculated as set forth in the Settlement Agreement and shall be included on the Mail Notices where so indicated.

8.     A Final Approval Hearing shall take place before the Honorable Lorna G. Schofield on _____, 2015 at ____, at the United States District Court, Southern District of New York, 500 Pearl Street, New York, New York 10007, in Courtroom ____, to determine: whether the proposed Settlement of the Lawsuit on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be approved; whether the Final Approval Order, as provided for in the Settlement Agreement, should be entered; and the amount of any fees and costs that may be awarded to Class Counsel, and the amount of any service award that may be awarded to Plaintiff, as provided for in the Settlement Agreement.  The Court will also hear and consider any properly lodged objections at that time under the process set forth in the Settlement Agreement.

9.     All proceedings in the Lawsuit against Sterling are stayed pending final approval of the Settlement, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.

10.     This Order does not stay proceedings against Defendants DISH Network, LLC and DISH Network Service, LLC, or dismiss or release any claims advanced against these Defendants.

4

11.     If the Settlement Agreement is terminated or is not consummated for any reason whatsoever, the preliminary certification of the Settlement Classes shall be void, and Plaintiff and Defendant shall be deemed to have reserved all their respective rights to propose or oppose any and all class certification issues.

12.     Neither this Order nor the Settlement Agreement shall constitute any evidence or admission of liability by Defendant, or an admission regarding the propriety of any certification for any particular class for purposes of litigation, nor shall they be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement Agreement or the terms of this Order, or by Defendant in connection with any action asserting any claim of release.

13.     This Court reserves the right to adjourn or continue the date of the Final Approval Hearing without further notice to the Settlement Classes, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement Agreement. This Court may approve or modify the Settlement without further notice to the Settlement Classes.

**SO ORDERED:**


Dated:_____
          New York, New York

_____
LORNA G. SCHOFIELD
United States District Judge

EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

SCOTT ERNST, individually and as a
representative of the classes,

Plaintiff,

-against-

DISH NETWORK, LLC, DISH NETWORK
SERVICE, LLC, AND STERLING
INFOSYSTEMS, INC.

Defendants.

---------------------------------------------------------

Case No.: 12 CIV 8794(LGS)

**[PROPOSED] FINAL
SETTLEMENT APPROVAL
ORDER**

Based on Plaintiff Scott Ernst's Unopposed Motion for Final Approval of the Proposed

Class Action Settlement with Defendant Sterling Infosystems, Inc. ("Sterling" or "Defendant")

in the above-captioned matter ("Lawsuit"), the Final Approval Hearing and for good cause

shown, IT IS HEREBY ORDERED:

1.      This Court has jurisdiction over the subject matter of this action and over the

settling parties hereto.

2.      Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby certified, for settlement

purposes only, as a class action on behalf of the following Settlement Class Members with respect

to the claims asserted in the Lawsuit:

> **Criminal Record Settlement Class.**  All consumers for whom Sterling issued a
> consumer report on or after December 4, 2010, where the report contained one or
> more criminal counts that did not result in a conviction but which predate the
> report by more than seven years. Consumers for whom Sterling's records indicate
> a salary that was or was reasonably likely to equal or exceed $75,000 are
> excluded.

> **DISH Contractor Settlement Class.**  All consumers who were the subject of a
> consumer report issued by Sterling to a contractor participating in the DISH
> Network Contractor Program, and for whom certain information contained in the
> report was also provided by Sterling to DISH in a summary report on or after
> December 4, 2010.

1

**MVR Record Settlement Class.**  All consumers for whom Sterling issued a consumer report on or after December 4, 2010, where the report contained one or more items of information in the motor vehicle records ("MVR") section of the report which predate the report by more than seven years. Consumers for whom Sterling's records indicate a salary that was or was reasonably likely to equal or exceed $75,000 are excluded.

3.     The Court hereby finds that the Settlement Agreement is the product of arms-length settlement negotiations among the Plaintiff, Class Counsel, and Defendant.   The Settlement Agreement, including its exhibits, and the definition of words and terms contained therein, are incorporated by reference in this Order.   The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

4.     Pursuant to Fed. R. Civ. P. 23, the Court certifies the Plaintiff Scott Ernst as the Class Representative and appoints Nichols Kaster, PLLP as Class Counsel.

5.     Pursuant to the Court's Preliminary Approval Order, the Mail Notices were mailed, along with the Claim Form.  The Court hereby finds and concludes that the Mail Notices and Claim Form were disseminated to members of the Settlement Classes in accordance with the terms set forth in Paragraphs 4.1 through 4.3 of the Settlement Agreement and in compliance with this Court's Preliminary Approval Order.  The Court further finds and concludes that the Mail Notices, Claim Form and the distribution procedures set forth in Paragraphs 4.1 through 4.10 of the Settlement Agreement fully satisfy Fed. R. Civ. P. 23 and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all members of the Settlement Classes who could be identified through reasonable effort, provided an opportunity for the Settlement Class Members to object or exclude themselves from the Settlement, and support the Court's exercise of jurisdiction over the Settlement Classes as contemplated in the Settlement and this Order.

2

6.      The Settlement Class Members were given an opportunity to object to the settlement.  The Settlement Class Members who made valid and timely requests for exclusion are excluded from the Settlement and are not bound by this Order.  Only _____ Settlement Class Members requested exclusion.  The identities of such persons are set forth in **Exhibit A**, attached hereto.

7.      For settlement purposes only, the Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

- The Settlement Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

- There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

- The claims of the class representative are typical of the claims of the Settlement Class Members;

- The class representative and Settlement Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and

- Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

8.      The Court hereby finds and concludes that the notice provided by Defendant to the appropriate state and federal officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, fully satisfied the requirements of that statute.

9.      The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms and conditions constitute, in all respects, a "fair, reasonable, and adequate" settlement as to all members of the Settlement Classes in accordance with Fed. R. Civ. P. 23(e).  The Settlement Agreement (which was filed with the Court on

3

January 9, 2015 (Docket No. __, Exhibit 1), and which shall be deemed incorporated herein) and the Settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any subsequent order issued by this Court.

10.     The Plaintiff, Settlement Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Agreement.   Pursuant to the release contained in the Settlement Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Order, provided, however, that the Released Claims shall not be construed to limit the right of Defendant or any member of the Settlement Classes to enforce the terms of the Agreement.

11.     This Order is binding on all Settlement Class Members, except those individuals identified in **Exhibit A** hereto, who validly and timely excluded themselves from the Settlement.

12.     The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement, including its injunctive provisions, and this Order.  This Order finally disposes of all claims and is appealable.

13.     This Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

14.     The Court approves Class Counsel's application for $_____ in Attorneys' Fees and costs, and for a service award to the Plaintiff in the amount of $_____. The Court further approves and authorizes the deduction of an amount not to exceed $_____

from the Settlement Funds to cover the Settlement Administrator's fees and costs.   These amounts are to be deducted from the Settlement Funds as set forth in Paragraph 8.7.3 of the Settlement Agreement.

15.     This Court hereby dismisses the Lawsuit against Defendant Sterling Infosystems, Inc., including all claims against said Defendant, with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement.   This Order does not dismiss Defendants DISH Network, LLC and DISH Network Service, LLC, or dismiss or release any claims advanced against the DISH Defendants.

16.     Finding that there is no just reason for delay, the Court orders that this Final Approval Order shall constitute a final judgment pursuant to Fed. R. Civ. P. 54 that is binding on the settling parties and the Settlement Classes.

**SO ORDERED:**


Dated:_____
       New York, New York                    _____
                                       LORNA G. SCHOFIELD
                                       United States District Judge