

E. Michelle Drake
Direct: 612-256-3249
Fax: (612) 215-6870
drake@nka.com

4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(877) 448-0492

January 21, 2015

**VIA CM/ECF**
Hon. Lorna G. Schofield
United States District Judge
500 Pearl Street
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   1/21/15
```

RE:   *Ernst v. DISH Network, LLC, et al.*, Case No. 12-cv-8794-LGS

Your Honor:

Pursuant to this Court's order (ECF 141), the parties hereby submit this letter updating the Court on the status of discovery in this case, and requesting an extension of the deadline for Plaintiff to move for class certification.

Since the parties last updated the Court, they have made progress in developing a protocol to evaluate the substantial volume of potentially electronically stored information (ESI) in this case. The Defendant has identified over 972,000 potentially responsive emails from over 20 custodians, a substantially greater volume than originally anticipated by either side at the time the parties proposed the schedule in this matter to the Court. Plaintiff has provided Defendant with a detailed proposal to use Technology Assisted Review (TAR) to evaluate these records. Defendant agrees in principal with the use of TAR, but is still in the process of evaluating Plaintiff's specific proposal, and will make a counter-proposal by the end of this week. The parties have spoken by phone twice since Plaintiff made his initial proposal, and anticipate that they will be able to reach an agreement on the ultimate protocol; the anticipated focus of Defendant's counterproposal is on using a different tool to conduct the TAR, on some of the protocols surrounding quality control and the protocols regarding the training of the system and the selection of relevant documents. The parties anticipate that they will reach agreement on these issues, but need to come to precise agreement on the technical parameters of their protocol.

Once the parties reach agreement on the specific protocol to evaluate the ESI, the parties estimate that it will take six to eight weeks to complete the TAR process and for production to be complete. Even if the parties reach agreement on the protocol quickly, the fact that it will take approximately two months for the production to be complete means that it would be impossible for the parties to execute the complete the TAR process, for Defendant to produce documents, for Plaintiff to evaluate the produced ESI, for the parties to complete depositions, and for Plaintiff to meet the current deadline of March 3 for Plaintiff to move for class certification.

The parties agree that it would be most efficient for depositions to take place after the ESI production is made. The parties believe it is reasonable to expect that Defendant's production will take place in Mid-March or early April. After the production, Plaintiff will need to review the produced documents, and take depositions. Plaintiffs' counsel has a class action trial scheduled for April 27 which is anticipated to last three weeks. Hence, depositions likely will not take place before mid-May or early June. A class certification deadline of July 1 would allow

the parties four to six weeks for depositions after the production is made reviewed. Therefore, the parties jointly request that the deadline for Plaintiff to move for class certification be extended to July 1.

In light of the current deadline, Plaintiff has noticed a deposition pursuant to Rule 30(b)(6) which is currently scheduled to take place in Colorado on the 27th and 28th of this month. The parties agree that it would be more efficient, and would avoid duplicative depositions, if the 30(b)(6) deposition could be conducted after the ESI at issue is produced. However, Plaintiff is unable to commit to rescheduling the deposition unless he is certain that the class certification deadline will be extended. Therefore, if the Court has any concerns about the request to extend the deadline to July 1, the parties jointly request that the Court, as an interim measure, extend the deadline to April 1 and set a status conference to discuss the request for additional time. This temporary extension would allow the parties to delay the currently-scheduled deposition until a more permanent schedule is put into place.

The parties have agreed to provide the Court with a further update letter on the progress of their negotiation of a TAR protocol by Friday January 30, 2015. In the event the Court would like to schedule a status conference to discuss the schedule the parties jointly request that such a conference be scheduled for the week of February 2, 2015.

Respectfully submitted,

**NICHOLS KASTER, PLLP**

E. Michelle Drake

**JACKSON LEWIS P.C.**

*/s/ William J. Anthony*
William J. Anthony
Peter C. Moskowitz
Steven J. Seidenfeld
666 Third Avenue
New York, NY 10017

4815-4251-2161, v. 1

Application granted in part. Plaintiffs' shall file their class certification motion no later than April 3, 2015. Defendants shall respond no later than May 1, 2015. Plaintiffs shall reply no later than May 15, 2015. This extension shall not be considered "temporary." No further extensions absent extraordinary circumstances.

Dated: January 21, 2015
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**