| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------<br>SCOTT ERNST, individually and as a representative of the classes,<br><br>                                          Plaintiff,<br>                -against-<br>DISH NETWORK, LLC, DISH NETWORK SERVICE, LLC, AND STERLING INFOSYSTEMS, INC.<br>                                         Defendants.<br>------------------------------------------------------------ | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 04/22/2015<br><br><br>Case No.: 12 CIV 8794(LGS)<br><br>**PRELIMINARY**<br>**SETTLEMENT APPROVAL**<br>**ORDER** |

       WHEREAS, on January 9, 2015, Plaintiff filed an unopposed motion for preliminary approval of a class action settlement in the above-captioned matter (the "Lawsuit") with Defendant Sterling Infosystems, Inc. ("Sterling" or "Defendant");

       WHEREAS, on April 1, 2015, a hearing concerning the motion was held;

       WHEREAS, at the hearing, the Court indicated its intent to grant preliminary approval, subject to the parties' addressing several issues of concern -- including (a) administrative costs and other expenses to be deducted from the settlement fund, (b) possible confusion between the instant action and another pending class action settlement with Sterling in another court, (c) the maximization of responses from opt-in class members, (d) a provision in the settlement agreement prohibiting Plaintiff's counsel from representing class members who opt out and (e) the format of the settlement notice and the settlement administration website;

       WHEREAS the parties then filed several submissions, including (1) a chart detailing class members' recovery as well as costs and expenses to be deducted from the settlement fund, (2) a revised settlement agreement and release, (3) a copy of the settlement administrator's winning bid, (4) a letter addressing ethical issues concerning the prohibition on representing opt-out class members and (5) the proposed notice in a related class action settlement;

WHEREAS, after an April 13, 2015, telephone conference, the parties also submitted a revised version of the proposed notice in this action.

## I.     SETTLEMENT CLASSES

It is hereby ORDERED that, for settlement purposes only, the Court preliminarily finds that the Settlement of the Lawsuit, on the terms and conditions set forth in the Settlement Agreement, including all exhibits thereto, is fair, reasonable, adequate and in the best interest of the Settlement Class Members and within the range of reasonableness for preliminary settlement approval.

The Court finds that: (a) the Settlement Agreement resulted from extensive arms-length negotiations; and (b) the Settlement Agreement is sufficiently reasonable to warrant notice of the Settlement to persons in the Settlement Classes and a full hearing on the approval of the Settlement.  The Settlement Agreement, including its exhibits, and the definition of words and terms contained therein, are incorporated by reference in this Order.

Pursuant to Fed. R. Civ. P. 23(b)(3), the Court conditionally certifies, for settlement purposes only, the following Settlement Classes with respect to the claims asserted against Sterling in the Lawsuit:

> **Criminal Record Settlement Class.**  All consumers for whom Sterling issued a consumer report on or after December 4, 2010, where the report contained one or more criminal counts that did not result in a conviction but which predate the report by more than seven years.  Consumers for whom Sterling's records indicate a salary that was or was reasonably likely to equal or exceed $75,000 are excluded.
>
> **DISH Contractor Settlement Class.**  All consumers who were the subject of a consumer report issued by Sterling to a contractor participating in the DISH Network Contractor Program, and for whom certain information contained in the report was also provided by Sterling to DISH in a summary report on or after December 4, 2010.

**MVR Record Settlement Class.**  All consumers for whom Sterling issued a consumer report on or after December 4, 2010, where the report contained one or more items of information in the motor vehicle records ("MVR") section of the report which predate the report by more than seven years.  Consumers for whom Sterling's records indicate a salary that was or was reasonably likely to equal or exceed $75,000 are excluded.

In connection with this conditional certification, the Court makes the following preliminary findings for settlement purposes only:

(a) The Settlement Classes appear to be so numerous that joinder of all members is impracticable;

(b) There appear to be questions of law or fact common to the Settlement Classes for purposes of determining whether this Settlement should be approved;

(c) Plaintiff's claims appear to be typical of the claims being resolved through the proposed Settlement;

(d) Plaintiff appears to be capable of fairly and adequately protecting the interests of the Settlement Classes in connection with the proposed Settlement;

(e) Common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Classes.  Accordingly, the Settlement Classes appear to be sufficiently cohesive to warrant settlement by representation; and

(f) Certification of the Settlement Classes appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Classes.

## II. LEAD PLAINTIFF, CLASS COUNSEL AND SETTLEMENT ADMINISTRATOR

It is further ORDERED that, for settlement purposes only, the Court preliminarily certifies Plaintiff Scott Ernst as the class representative and preliminarily approves Nichols Kaster, PLLP as Class Counsel.  The Court preliminarily finds that Class Counsel have and will fairly and adequately represent the interests of the Settlement Class Members.  Plaintiff and

Class Counsel, on behalf of the Settlement Classes, are authorized to take all appropriate action required or permitted to be taken by the Settlement Agreement to effectuate its terms.

Class Counsel will hire a third-party administrator (the "Settlement Administrator") to assist in the administration of the settlement and the notification to Settlement Class Members. The Court appoints Dahl Administration, LLC as Settlement Administrator. The costs and expenses for the Settlement Administrator shall be paid subject to the terms of the Settlement Agreement. The Settlement Administrator will be responsible for carrying out the tasks set forth in the Settlement Agreement.

The Settlement Administrator is permitted to obtain information governed by the Fair Credit Reporting Act for the sole purpose of locating current addresses of the Settlement Class Members, pursuant to 15 U.S.C. § 1681b(a)(1).

### III. MAIL NOTICES AND CLAIM FORM

It is further ORDERED that the Mail Notices and Claim Form for distribution in accordance with the schedule set forth in the Settlement Agreement are approved. The Court finds that the proposed method of class notice fully satisfies the requirements of due process, the Federal Rules of Civil Procedure, and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Court further approves the claims procedures as set forth in the Settlement Agreement.

### IV. OPT-OUTS AND OBJECTIONS

It is further ORDERED that all class members shall have the right to either opt-out or object to this Settlement pursuant to the procedures and schedule included in the Settlement Agreement and members of the MVR Record Settlement Class and the DISH Contractor Settlement Class have the additional right to return a Claim Form for a monetary benefit

pursuant to the procedures and schedule included in the Settlement Agreement.  The opt-out and objection deadlines shall be calculated as set forth in the Settlement Agreement and shall be included on the Mail Notices where so indicated.

## V. FINAL APPROVAL

It is further ORDERED that a Final Approval Hearing shall take place on **September 2, 2015, at 11:30 a.m**., at the United States District Court for the Southern District of New York, 40 Foley Square, New York, New York 10007, in Courtroom 1106, to determine: whether the proposed Settlement of the Lawsuit on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be approved; whether the Final Approval Order, as provided for in the Settlement Agreement, should be entered; and the amount of any fees and costs that may be awarded to Class Counsel, and the amount of any service award that may be awarded to Plaintiff, as provided for in the Settlement Agreement. The Court will also hear and consider any properly lodged objections at that time under the process set forth in the Settlement Agreement.

## VI. MISCELLANEOUS ORDERS

It is further ORDERED that all proceedings in the Lawsuit against Sterling are stayed pending final approval of the Settlement, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.

This Order does not stay proceedings against Defendants DISH Network, LLC and DISH Network Service, LLC, or dismiss or release any claims advanced against these Defendants.

It is further ORDERED that, if the Settlement Agreement is terminated or is not consummated for any reason whatsoever, the preliminary certification of the Settlement Classes

shall be void, and Plaintiff and Defendant shall be deemed to have reserved all their respective rights to propose or oppose any and all class certification issues.

Neither this Order nor the Settlement Agreement shall constitute any evidence or admission of liability by Defendant, or an admission regarding the propriety of any certification for any particular class for purposes of litigation, nor shall they be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement Agreement or the terms of this Order, or by Defendant in connection with any action asserting any claim of release.

This Court reserves the right to adjourn or continue the date of the Final Approval Hearing without further notice to the Settlement Classes, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement Agreement. This Court may approve or modify the Settlement without further notice to the Settlement Classes.

The Clerk of the Court is respectfully directed to close the motion at docket 137 and summarize this Order on the docket as follows: "PRELIMINARY SETTLEMENT APPROVAL ORDER: approving *inter alia*: the proposed (i) settlement agreement, (ii) settlement classes, (iii) lead plaintiff, (iv) class counsel and (v) mail notices and claim form; and scheduling a Final Settlement Approval Hearing on September 2, 2015, at 11:30 a.m."

**SO ORDERED.**

Dated: April 22, 2015
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE