| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------X<br>SCOTT ERNST, et al., individually and as<br>representatives of the classes,<br>                                      Plaintiff,<br>                  -against-<br>DISH NETWORK, LLC, et al.,<br>                                    Defendants.<br>------------------------------------------------------------ X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 01/28/2016<br><br>12 Civ. 8794 (LGS)<br><br>ORDER |

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on September 14, 2015, Plaintiffs moved for class certification, seeking to certify three classes of contractor technicians in their claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

      WHEREAS, on December 4, 2015, Defendants DISH Network L.L.C. and DISH Network Service L.L.C. (collectively, "Defendants" or "DISH") filed a motion for a stay, requesting the Court to reserve ruling on Plaintiffs' motion for class certification until after the Supreme Court issues a decision in *Spokeo, Inc. v. Robins*, No. 13-1339 (2015). It is hereby

      **ORDERED** that Defendants' motion for a stay is GRANTED.

      "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (same); *see also Clinton v. Jones*, 520 U.S. 681, 707 (1997) ("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Courts consider the following factors when deciding motions for a stay:

> "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."

*Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 621 (S.D.N.Y. 2012) (quoting *Wing Shing Prods. (BVI) Ltd. v. Simatelex Manufactory Co.*, No. 01 Civ. 1044, 2005 WL 912184, at *1 (S.D.N.Y. Apr. 19, 2005)).

On April 27, 2015, the Supreme Court granted certiorari in *Spokeo, Inc. v. Robins*. 135 S. Ct. 1892 (2015). The parties in *Spokeo* briefed the following issue: "Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." Question Presented, Spokeo v. Robins, www.supremecourt.gov/qp/13-01339qp.pdf. Petitioner Spokeo's main argument is that the plaintiffs do not have Article III standing because the alleged violations of the FCRA "do not satisfy Article III's concrete harm requirement." Brief for Petitioner, *Spokeo, Inc.*, 135 S. Ct. 1892, 2015 WL 4148655, at *9. Oral arguments were held on November 2, 2015, and a decision is expected within the normal timeframe.

The Supreme Court's decision in *Spokeo* will likely clarify whether or not the named Plaintiffs and potential class members in this case have Article III standing. The definitions for each of Plaintiffs' three proposed classes premise membership on DISH's alleged violations of various FCRA provisions. Similar to Spokeo's arguments before the Supreme Court, Defendants argue that two of the three named Plaintiffs "neither alleged to have suffered, nor actually suffered, any concrete harm other than a purported violation of their rights under the Fair Credit Reporting Act." Defendants argue further that class certification would be improper because

2

potential class members may similarly lack Article III standing. Defs.' Br. at 2–3 (citing *Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006) ("[N]o class may be certified that contains members lacking Article III standing.")).

In their opposition to Defendants' motion, Plaintiffs argue that the Supreme Court's decision in *Spokeo* will not impact this case because the cases are distinguishable on their facts, and because "the injuries alleged here . . . are substantially more concrete" than in *Spokeo*. Plaintiffs contend further that "[i]n order for the outcome in *Spokeo* to affect this Court's jurisdiction in this case, the Supreme Court's decision would have to radically alter the law of standing . . . and go well beyond the facts presented in *Spokeo*."

While it is possible that the Supreme Court will decide *Spokeo* in a way that supports Plaintiffs' position or does not impact this case, the question the Supreme Court granted certiorari for and heard argument on is broad enough to suggest that the decision will shed light on the contours of Article III standing in the FCRA context. For example, Plaintiffs rely on *FEC v. Akins*, 524 U.S. 11 (1998), for their "informational injury" theory, and argue that the Supreme Court is unlikely to overturn the case. Both parties in *Spokeo*, however, briefed *Akins*. *See* Brief for Petitioner, *Spokeo Inc.*, 135 S. Ct. 1892, 2015 WL 4148655, at *43 ("[N]either *Akins* nor *Public Citizen* holds that the violation of a mere statutory right is *itself* the injury in fact. Rather, the Court grounded its decisions in the separate, particularized, concrete *effects* on the plaintiffs of the denial of access to the requested information."); Brief of Respondent, *Spokeo Inc.*, 135 S. Ct. 1892, 2015 WL 5169094, at *41 (distinguishing *Akins* and arguing: "This is not an action driven by an 'injury to the interest in seeing that the law is obeyed.'"). The Supreme Court's decision in *Spokeo* may shed light *Akins*' application to this case and whether Plaintiffs' injuries are cognizable.

3

Considering the various factors, a stay is warranted.  At a minimum, the Supreme Court's decision in *Spokeo* is likely to provide guidance on the types of injuries that are sufficiently "concrete" to confer Article III standing in FCRA cases.  Such guidance in turn would impact the Court's ruling on class certification and how this case should be managed moving forward.  Proceeding in the absence of such guidance would risk rulings in the present case that are inconsistent with the Supreme Court's eventual ruling in *Spokeo*, requiring vacating or amending them after the fact.  The interests of the Court and the public are better served by the issuance of a stay.  Any prejudice to Plaintiffs' interest in proceeding expeditiously would be minimal, as the Supreme Court heard arguments for *Spokeo* in November 2015.  *See Sikhs for Justice*, 893 F. Supp. 2d at 622 ("Any delay resulting from a stay will likely be of short duration, given that the Supreme Court has already heard oral argument in the case . . . .").  It is further

**ORDERED** that Plaintiffs' motion for class certification is DENIED without prejudice to renewal.  It is further

**ORDERED** that, within fourteen days of the Supreme Court's decision in *Spokeo*, the parties shall file a joint letter not to exceed three pages summarizing the decision's holding and its impact on this case.  The joint letter shall include a proposed briefing schedule for any renewed motion for class certification.

The Clerk of Court is directed to close the motions at Docket Nos. 215 and 243.

Dated: January 28, 2016
       New York, New York

                                        **LORNA G. SCHOFIELD**
                                       **UNITED STATES DISTRICT JUDGE**