```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/16/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SCOTT ERNST, SEAN DENTON, and NEIL TROTTER, individually and as representatives of the classes,

                Plaintiffs,

-against-

DISH NETWORK L.L.C., DISH NETWORK SERVICE L.L.C., AND STERLING INFOSYSTEMS, INC.,

                Defendants.

Case No.: 12 CIV 8794 (LGS)

**<u>PRELIMINARY SETTLEMENT APPROVAL ORDER</u>**

---

WHEREAS, on August 25, 2016, Plaintiffs Scott Ernst, Sean Denton and Neil Trotter ("Plaintiffs") filed an unopposed motion for preliminary approval of a class action settlement agreement in the above-captioned matter (the "Lawsuit") with Defendants DISH Network L.L.C. and DISH Network Service L.L.C. ("DISH" or "Defendants");

WHEREAS, on September 7, 2016, a conference concerning the motion was held;

WHEREAS, at the hearing and by Order of the same date, the Court requested the following:

(i)     A chart showing deduction from the gross settlement to reach the net settlement amount in the aggregate by class, and by subclass member;

(ii)    a proposed timeline with the dates and periods anticipated by the Settlement Agreement;

(iii)   a letter motion to appoint a Claims Administrator; and revised versions of the proposed Mail Notice and Claim Form and proposed Long Form Notice incorporating suggested changes from the September 7, 2016, conference;

WHEREAS, on September 14, 2016, Plaintiffs filed the foregoing documents.

**I.     SETTLEMENT CLASSES**

It is hereby ORDERED that, for settlement purposes only, the Court preliminarily finds that the Settlement of the Lawsuit, on the terms and conditions set forth in the Settlement Agreement, including all exhibits thereto, is fair, reasonable, adequate and in the best interest of the Settlement Class Members and within the range of reasonableness for preliminary settlement approval.

The Court finds that: (a) the Settlement Agreement resulted from extensive arms-length negotiations; and (b) the Settlement Agreement is sufficiently reasonable to warrant notice of the Settlement to persons in the Settlement Classes and a full hearing on the approval of the Settlement. The Settlement Agreement, including its exhibits, and the definition of words and terms contained therein, are incorporated by reference in this Order.

Pursuant to Fed. R. Civ. P. 23(b)(3), the Court conditionally certifies, for settlement purposes only, the following Settlement Classes with respect to the claims asserted against DISH in the Lawsuit:

> **Authorization Class:** All DISH Network Contractor Technicians in the United States who were the subject of a consumer report that was procured (or caused to be procured) by DISH Network after November 30, 2010, who were provided with Forms 1, 2, or 3 prior to DISH Network procuring a summary consumer report, and who were not provided with any other relevant forms, with the exception of Digital Dish's form produced in the Lawsuit as "Exhibit G."
>
> **Adverse Action Class:** All DISH Network Contractor Technicians or Contractor Technician applicants whose summary consumer reports were transmitted to DISH Network and who were adjudicated as "high risk" at any time after November 30, 2010.

The Court preliminarily finds, for purposes of settlement only, that the Lawsuit meets all the prerequisites of Rule 23 of the Federal Rules of Civil Procedure, including that:

(a) The Settlement Classes appear to be so numerous that joinder of all members is impracticable;

(b) There appear to be questions of law or fact common to the Settlement Classes for purposes of determining whether this Settlement should be approved;

(c) Plaintiffs' claims appear to be typical of the claims being resolved through the proposed Settlement;

(d) Plaintiffs appear to be capable of fairly and adequately protecting the interests of the Settlement Classes in connection with the proposed Settlement;

(e) Common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Classes. Accordingly, the Settlement Classes appear to be sufficiently cohesive to warrant settlement by representation; and

(f) Certification of the Settlement Classes appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Classes.

## II. LEAD PLAINTIFF, CLASS COUNSEL AND SETTLEMENT ADMINISTRATOR

It is further ORDERED that, for settlement purposes only, the Court preliminarily certifies Plaintiffs Scott Ernst, Sean Denton and Neil Trotter as the Class Representatives. The Court preliminarily appoints Berger & Montague, P.C. as Class Counsel. The Court preliminarily finds that Class Counsel have and will fairly and adequately represent the interests of the Settlement Class Members. Plaintiffs and Class Counsel, on behalf of the Settlement Classes, are authorized to take all appropriate action required or permitted to be taken by the Settlement Agreement to effectuate its terms.

Class Counsel will hire a third-party administrator (the "Settlement Administrator") to assist in the administration of the Settlement and the notification to Settlement Class Members.

The Court appoints Dahl Administration, LLC as Settlement Administrator.  The costs and expenses for the Settlement Administrator shall be paid subject to the terms of the Settlement Agreement.  The Settlement Administrator will be responsible for carrying out the tasks set forth in the Settlement Agreement.

**III.     MAIL NOTICES AND CLAIM FORM**

It is further ORDERED that the Mail Notice and Claim Form are approved for distribution in accordance with the schedule set forth in the Settlement Agreement.  The Court finds that the proposed method of class notice fully satisfies the requirements of due process, the Federal Rules of Civil Procedure, and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.  The Court further approves the claims procedures as set forth in the Settlement Agreement.

**IV.     OPT-OUTS AND OBJECTIONS**

It is further ORDERED that all Settlement Class Members have the right to either opt-out or object to this Settlement pursuant to the procedures in the Settlement Agreement and have the additional right to return a Claim Form for a monetary benefit pursuant to the procedures included in the Settlement Agreement.

It is further ORDERD that Objections by any Settlement Class Member to the Settlement Agreement shall be heard by the Court at the Final Approval Hearing.  Written objections shall be sent to the Settlement Administrator, and must include (i) the objector's name, address, telephone number and the last four digits of his or her Social Security number; (ii) a statement that he or she is a member of one or more of the Settlement Classes; (iii) the factual basis and legal grounds for the objection to the Settlement; (iv) the identity of any witnesses whom the objector may call to testify at the Final Fairness Hearing and (v) copies of

any exhibits the objector may seek to offer into evidence at the Final Fairness Hearing.  Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and will forever be barred from making any such objections in this action or in any other action or proceeding.  No later than **December 23, 2016,** Class Counsel shall file copies of any objections with the Court.  Counsel for the parties may respond to any properly filed objections no later than **January 7, 2017**.

## V.     FINAL APPROVAL AND CERTAIN FILING DEADLINES

It is further ORDERED that a Final Approval Hearing shall take place before the Honorable Lorna G. Schofield on **January 17, 2017, at 11:00 a.m.**, at the United States District Court, Southern District of New York, 40 Foley Square, New York, New York 10007, in Courtroom 1106, to determine: whether the proposed Settlement of the Lawsuit on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be approved; whether the Final Approval Order, as provided for in the Settlement Agreement, should be entered; and the amount of any fees and costs that may be awarded to Class Counsel, and the amount of any service award that may be awarded to the Named Plaintiffs, as provided for in the Settlement Agreement.  The Court will also hear and consider any properly lodged objections at that time under the process set forth in the Settlement Agreement.  The Final Approval Hearing may be postponed, adjourned, or rescheduled by order of the Court without further notice to the Settlement Class Members.

It is further ORDERED that counsel for the parties shall file any memoranda, declarations or other statements and materials in support of final approval of the Settlement Agreement no later than **January 7, 2017**.

It is further ORDERED that Class Counsel shall file any application for an award of attorneys' fees and costs and for incentive payments to the named Plaintiffs no later than **December 3, 2016**.  The hearing on any such application shall be on the same date and at the same time as the Final Approval Hearing.

## VI.     MISCELLANEOUS ORDERS

It is further ORDERED that all proceedings in the Lawsuit against DISH are stayed pending final approval of the Settlement, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.

It is further ORDERED that pending final determination of whether the Settlement should be approved, neither Plaintiffs nor any member of the Settlement Classes, whether directly, indirectly, representatively or in any other capacity, shall commence or prosecute any action or proceeding in any court or tribunal asserting any of the claims herein against DISH.

It is further ORDERED that counsel for the parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement that are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

It is further ORDERED that if the Settlement Agreement is terminated or is not consummated for any reason whatsoever, or if final approval of the Settlement is not obtained (or if such approval is reversed, vacated, or modified in any material respect by this or any other court), the preliminary certification of the Settlement Classes shall be void, and Plaintiffs and Defendants shall be deemed to have reserved all their respective rights to propose or oppose any and all class certification issues.

It is further ORDERED that neither this Order nor the Settlement Agreement shall constitute any evidence or admission of liability by Defendants, or an admission regarding the

propriety of any certification for any particular class for purposes of litigation, nor shall they be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement Agreement or the terms of this Order, or by Defendants in connection with any action asserting any claim of release.

The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement Agreement.  The Court may approve or modify the Settlement without further notice to the Settlement Classes.

The Clerk of Court is respectfully directed to the close the motion at Docket No. 278 and summarize this Order on the docket as follows: "PRELIMINARY SETTLEMENT APPROVAL ORDER: approving inter alia: the proposed (i) settlement agreement, (ii) settlement classes, (iii) lead plaintiffs, (iv) class counsel and (v) form and manner of notice and claim form; and scheduling a Final Settlement Approval Hearing on **January 17, 2017, at 11:00 a.m**."

**SO ORDERED:**

Dated: September 15, 2016
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**